*J. W. Burton*, for the appellant.

---

THE INDIANAPOLIS AND CINCINNATI R. R. Co. *v.* BALLARD *et ux.*

PLEADING—SET OFF.—A claim arising out of tort can not be set off against a demand arising out of contract.

APPEAL from the *Decatur* Common Pleas.

PERKINS, J.—This was a suit upon a note and mortgage, with prayer for foreclosure, &c.

The defendants answered in three paragraphs, each purporting to go in bar of the whole action, and each alleging a defence by way of set off.

The first paragraph alleged that the plaintiff, by its machinery, killed a cow, the property of the male defendant, of the value, &c., on the railroad where it was not but might have been fenced, &c.

The second paragraph alleged that the plaintiff killed another cow of the male defendant, of the value, &c., on her road, where it could not be fenced, by negligently, &c., running over the cow.

The third was like the second, but for a differently described, and actually different cow.

The Court overruled a demurrer to each of these paragraphs, and, on the trial, admitted evidence under them touching the killing, by the railroad company, on its road, of three cows of the male defendant; one without carelessness, where the road was not, but could have been fenced; the other two, by carelessness and negligence, on the road where it could not be fenced.

The jury allowed for the cows, or one of them, killed by negligence, in their verdict, and the Court, also, in the judgment given in the cause. The price of the cow killed without negligence, where the road was not, but might have been fenced, was also allowed.

The question is, were the set offs all properly admitted in defence in the foreclosure suit?

If they were, then our code differs, on this point, from the law of every other State in the Union, and from that of Great Britain. Can causes of action in tort be set off against causes of action on contract? We have found no precedent for it. We have examined the latest codes.

The *Iowa* Code of Pleading and Practice of 1860, provides as to set off, that, "a set off can only be pleaded in an action founded on contract, and must be a cause of action arising on contract, or ascertained by the decision of a Court." Sec. 2886, p. 524.

The code of *Kansas*, 1862, adopts the above section literally. Sec. 106, p. 141.

In *Minnesota*, set off seems to be included within the term, counter claim; though, perhaps, an answer of set off might

be sustained in case of cross-demands on contract. The counter claim, in that State, must be an existing one in favor of the defendant, and against the plaintiff, &c., and arising out of the following causes of action :

1. Arising out of or connected with the subject of the action in the given case.

2. "In an action arising on obligation, [the counter claim may be,] any other cause of action arising on obligation, and existing at the commencement of the suit." This clause embraces customary set offs. Statutes of Minn. p. 544, sec. 77.

This provision was adopted literally from the *New York* code, where the old right of set off is still recognized. Voorhies' Code 1859, p. 81.

In *Pennsylvania* all set offs are given under a plea of payment, or may be so, and, while the statute of that State is considered as perhaps among the most liberal in allowing such defences of any in the Union, still, in that State, the matters must arise out of contract. Purdon's Digest, by Brightly, 1861, p. 331.

We find nothing, then, in the progress of legal reform, indicating that past experience has led to the belief, in the legal world generally, that the set off of torts against contracts would be judicious.

As to how it might be in particular instances of counter claim, we are not now called on to say. Counter claim, under our code, has several points of difference from set off.

In view, then, of the practice in all countries where the common law has prevailed, let us examine and interpret our code on this point.

It provides that a set off must consist of matter of defence, legal or equitable, liquidated or not, held by the defendant at the commencement of the suit, and due at the time of trial, "arising out of a debt, duty or contract." 2 G. & H. p. 88.

It is claimed that every right to damages for a tort arises

The Indianapolis and Cincinnati R. R. Co.·v. Ballard et ux.

out·of the duty of the wrong doer to pay damages, and, hence, that such damages may be answered by way of set off.

But, we think this proposition is founded in too broad a definition of the word duty, as used in the statute referred to. Indeed, the word, duty, has no known legal signification, as used in the statute of set off,' or as defining a cause of action. See the definition of the word duty in the dictionaries. What was meant by it, as used, is not evident to a man of common understanding. But we think it should be held to relate to causes of action, arising *ex contractu*, upon implied obligations, and such as may arise by operation of law, &c.; see 1 Par. on Cont. p. 4·; and not to those arising *ex delicto*, unless where the tort may be and is waived, and implied assumpsit relied upon. Perhaps, in this latter class of cases, set off might be made available. We think such should be the sense given to the word duty in the statute of set off, for the following · among other reasons:

1. It is used in connection with other words relating alone to causes of action arising *ex contractu*, both on the page above cited from G. & H., and on p. 98 of the same volume, where joinder of causes of action is treated of; and it is a well known maxim of the law that where the meaning of a word, as used, can not be determined from considering the word itself, a meaning may be assigned to it from those with which it is associated. " *Noscitur ex socio, qui non cognoscitur ex se.*" Moor. 817.

2. The law of set off as previously existing corresponds with the view we are taking of it under the present code. In the R. S. 1843, p. 708, sec. 204, the character of a demand that may be set off is thus described:

"It must be a demand arising upon judgment, or upon a contract, express or implied, whether such contract be written or unwritten, sealed or without a seal; and if it be founded upon a bond, or other contract having a penalty, the sum

equitably due by virtue of the condition only shall be set off,"
&c. And, on p. 709, of the same volume, set off in cases of
actions by trustees, executors, &c., is provided for.

3. Our present code provides that, "set off shall be allowed
only in actions for money demands upon contract;" 2 G. &
H. p. 88, sec. 57; and it defines an action for a money demand
on contract to be an "action arising out of contract, where
the relief demanded is a recovery of money." 2 G. & H. p.
336. Now, set off is but a cross action; and if it can only be
allowed where the original action is founded on contract, it
would seem, both on the ground of mutuality, and upon the
reason of the thing, that the set off, the cross action, must
also be founded on contract. Otherwise this inconsistency is
presented. If, in the case at bar, *Ballard* had commenced
suit against the railroad company for killing his cows, it would
not have been an action founded in contract, and, hence, the
cause of action now sued on by the company could not have
been made a set off—the two claims now in question could not
have been balanced against each other; while, as it is, the
railroad company suing first, and her claim arising in contract,
a set off is allowed, and, that not being confined to matter
arising in contract, the two claims now in question may be
balanced—thus making the question whether mutual claims
can be set off, depend, not on their character, but the accident
of which party sues first.

We think set offs founded in torts can not be allowed under
the code.

The set off in this case, at all events, so far as relates to the
two cows charged to have been killed by negligence, is
founded in tort, and is so answered in the suit, by the defend-
ants.

Where the tort is waived, the tort-feasor is sued upon an
implied promise to pay for benefit received, or the value of
the property which he is enjoying or has enjoyed by means

of his tortious act, and a suit will not thus lie only where benefit has been received. Chit. on Cont., 7th Am. ed., p. 607, notes. No such benefit was received in this case.

Another question. It is not entirely clear that a suit to foreclose a mortgage falls within the definition above given of an action upon a money demand on contract, in which set off is allowed. See, also, 2 G. & H. p. 96, sec. 70, clauses first and seventh, and sec. 72. But we think, where, in such foreclosure suit, the note secured by the mortgage is also sued on, and a personal judgment for overplus prayed, it may, at all events, be regarded as an action upon a money demand, within the statute, and a set off allowed. We need go no further on this point, in the case at bar.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded for further proceedings in accordance with this opinion.

*Oscar B. Hord* and *Cortez Ewing*, for the appellants.

*B. W. Wilson*, for the appellee.