SHELLY *v.* VANARSDOLL.

COUNTER-CLAIM.—A counter-claim must arise out of, and be connected with, the cause of action.

SAME—TRESPASS.—Trespasses can not be made to compensate each other by any form of pleading; and the fact that one trespass may be consequent upon another, does not so connect them that they may be blended in the same action.

APPEAL from the *Hendricks* Common Pleas.

ELLIOTT, J.—Suit by *Shelly,* the appellant, before a justice of the peace, against *Vanarsdoll,* the appellee, to recover the value of a cow (the property of the former) which the latter wrongfully took and converted to his own use. Answer in denial, and a counter-claim as follows: " The defendant, for a further answer to plaintiff's complaint, says that the identical cow sued for by the plaintiff was a breachy, unruly cow; that she came to his (defendant's) farm, and being 'wont to push with her horns,' did throw down defendant's fences, the same being of lawful hight, and trespass upon his grass and growing corn, whereby he was damaged in the sum of $50, and he asks that the said damage be taken into consideration, and allowed as a counter-claim against plain-

tiff's cause of action, to the amount thereof, and he demands judgment for the overplus."

The justice allowed the counter-claim, and there was a finding and judgment for the defendant. The plaintiff appealed to the Court of Common Pleas, where the cause was tried by a jury. During the progress of the trial in the latter court, the defendant, over the plaintiff's objection, was allowed to give evidence of and establish his counter-claim, to which the plaintiff excepted, and there was a finding for the defendant. A motion for a new trial by the plaintiff was overruled, and judgment for defendant, and the plaintiff appeals to this court. The evidence is in the record, but we are saved the labor of a reference to it, as the facts are substantially stated by the appellee's counsel, in his brief, thus: "There is no controversy about the facts in the case. They are, that *Shelly* had a cow to stray away from his farm in *Boone* county, during the latter part of the summer of 1863." Not long after this, she went to the farm of *Vanarsdoll*, in *Hendricks* county; pushed down his fences, which were good; jumped into his fields, and destroyed corn in value equal to her own price in the market, and this after repeated efforts on the part of *Vanarsdoll* to drive her away, and confine her, so as to prevent her from trespassing on his growing crops. Failing in his efforts to either drive her away or confine her, he attempted to treat her according to an act concerning trespassing animals etc.; but the justice, not understanding his business, failed to pursue the directions of the statute, and the proceedings turned out to be a nullity. After this attempt and failure to "post" the cow, *Vanarsdoll* sold her to one *Lowry* for $23 and some cents, and converted the money to his own use."

The question then is, did the court below err in admitting evidence of the facts set up as a counter-claim? The statute provides: " Sec. 59. A counter-claim is any matter arising out of or connected with the cause of action, which

might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." 2 G. & H. 91. We are not aware of any case under our statute in which a counter-claim can arise in any action unconnected with contract. But, however that may be, the matter of a counter-claim must arise out of, or be connected with, the cause of action. Trespasses can not be made to compensate each other by any form of pleading; and the fact that one trespass may be consequent upon another does not so connect them that they may be blended in the same action. *Lovejoy* v. *Robinson,* 8 Ind. 399. In the case at bar, we can not see how the trespass of the cow arose out of the sale and conversion of her by the defendant, or is connected therewith, within the meaning of the statute. The appellee's counsel, in a very persuasive brief, thinks the difficulty may be avoided by holding that *Shelly's* suit does not "sound in tort," as he claims no special damages, and only sues for the value of the cow, and he may therefore be deemed to have waived the tort, and sued upon the implied assumpsit. Without admitting the correctness of the conclusion, we fail to see how the dilemma would thereby be avoided, as the trespass of the cow would still fail to arise out of, or be connected with, the implied assumpsit to pay for her value. But the counsel further suggests that, if *Shelly* waived the tort on his part, and sued in assumpsit, that *Vanarsdoll* may also be considered as waiving the trespass of the cow, and claiming, as a set-off, the value of the corn destroyed by her. But this would seem to be carrying the doctrine of implied waiver to an unreasonable length; besides, unfortunately for that view of the case, the pleadings, both in form and substance, fail to indicate so pacific a disposition. We see no way, within any recognized rule of decision, to avoid the conclusion that the court below erred in admitting the alleged counter-claim; and for that error the judgment must be reversed.

Vol. XXIII.—35

Judgment reversed, with costs, and new trial awarded.

*C. C. Nave,* for appellant.

*P. S. Kennedy,* for appellee.