## ALLEN v. RANDOLPH.

PLEADING.—*Written Instrument.*—A plea of former adjudication is not a pleading founded on a written instrument.

SAME.—*Answer to Part of Complaint.*—An answer pleaded in bar of the whole action, but which is not good as to one paragraph of the complaint, is bad.

SAME.—*Set-Off.*—A debt cannot be set off against a tort.

SAME.—*Practice.*—Where a reply of general denial is filed, a special reply only setting up matters that may be given in evidence under the general denial should be struck out.

From the Owen Common Pleas.

*S. D. Coffey, S. W. Curtis,* and *A. T. Rose,* for appellant.

*L. L. Norton,* for appellee.

WORDEN, J.—This was an action by the appellant against the appellee. The complaint contained seven paragraphs. The first, second, third, fourth, and fifth sounded in tort, charging the defendant with converting to his own use certain cattle belonging to the plaintiff. The sixth sounded in contract. It alleged an indebtedness from the defendant to the plaintiff in the sum of seven thousand dollars for money had and received, and in the sum of three thousand dollars for pasturing, feeding, and taking care of cattle.

Allen *v.* Randolph.

It is more difficult to determine the character of the seventh paragraph. It perhaps may be regarded as based upon contract. It alleges that the plaintiff was the owner of certain cattle, and that he executed a mortgage to the defendant on the cattle, to secure the payment of three thousand dollars, when the same should become due; that on the —— day of June, 1867, the defendant took possession of the cattle by virtue of the mortgage, and, although often requested, has wholly failed and refused to account to the plaintiff for the cattle or the proceeds thereof; that the cattle, at the time the defendant took possession of them, were of the value of six thousand dollars; wherefore, etc.

The defendant answered:

1. General denial.

2 and 3. To the first, second, third, fourth, and fifth paragraphs of the complaint, a former adjudication in an action of replevin for the same cattle, between the same parties, in the Monroe Circuit Court, in which the title to the property was put in issue and adjudged to be in the defendant.

4. To the entire complaint, set-off.

5. This was demurred out, and need not be noticed.

6. The substantive allegations of this paragraph are, that the defendant had sold the cattle to the plaintiff, but they not being paid for as per agreement, the contract of sale was rescinded by the parties, and the cattle redelivered by the plaintiff to the defendant. This paragraph was pleaded to the whole complaint.

7. Payment.

8. To the whole complaint, another set-off.

The plaintiff demurred separately to the second, third, fourth, fifth, sixth, and eighth paragraphs of the answer, for want of sufficient facts, but the demurrers were overruled as to all except the fifth, and the plaintiff excepted.

Such further proceedings were had as that issues were formed, and the cause was tried by a jury, resulting in a verdict and

judgment for the defendant, for the sum of two hundred and forty-two dollars and twenty-two cents.

Errors are assigned upon the ruling of the court upon the demurrers to the second, third, sixth, and eighth paragraphs of the answer. It is objected to the second and third paragraphs, that they attempt to answer too much—the whole complaint. But this is a mistake. They do not purport to answer the sixth and seventh paragraphs of the complaint.

It is also objected to the third, that it is based upon a written instrument, a copy of which is not set out. This is also a mistake. The paragraph is not based upon a written instrument. The substance of the defence set up by this paragraph is the estoppel of the judgment pleaded.

The sixth paragraph is open to the objection made to it, that it is pleaded in bar to the whole action. Whatever may be its effect as to the other paragraphs of the complaint, it cannot bar the sixth, which, as we have seen, is for money had and received, etc. The demurrer to this paragraph of the answer should have been sustained.

The eighth paragraph was a set-off pleaded to the whole complaint. A debt cannot be set off against a tort. 2 G. & H. 88, sec. 57. The demurrer should have been sustained to this paragraph.

The plaintiff replied in denial of the defendant's answer, and filed a special reply to the second and third paragraphs. The special replication was struck out. This is assigned for error.

It seems to us that the matter set up in the special reply could have been given in evidence under the reply in denial, and therefore that there was no error in striking it out. The court also struck out a special replication to the sixth paragraph of the answer, but as we hold the sixth paragraph bad, we need not notice the replication filed to it.

There are some questions made upon rulings upon the trial of the cause which we need not consider, as they may not again arise. The judgment will have to be reversed for error in overruling the demurrers to the sixth and eighth paragraphs of the answer.

A paper purporting to be a general bill of exceptions is in the record, but as it is not signed by the judge, it cannot be noticed. The judgment below is reversed, with costs; and the cause is remanded for further proceedings.

BUSKIRK, C. J., having been of counsel for appellee, was absent.