## HARRIS *v.* RIVERS ET AL.

PLEADING.—*Set-Off.*—*Principal and Surety.*—In an action upon a contract against two or more defendants, a claim in favor of one of the defendants cannot be pleaded by him as a set-off, without alleging that he is the principal in said contract and that his co-defendants are sureties therein.

SAME.—*Tort.*—In an action upon a contract, a claim in favor of the defendant against the plaintiff arising out of tort cannot be made a set-off.

ARREST OF JUDGMENT.—Where there is one good paragraph in an answer, which will uphold a judgment for the defendant, the judgment cannot be arrested because the answer contains other paragraphs which are not good.

From the Howard Circuit Court.

*J. O'Brien, A. J. Younglove* and *W. M. Waters,* for appellant.

*N. R. Linsday,* for appellees.

BIDDLE, J.—Suit on a promissory note made by appellees to appellant. Answer in two paragraphs:

1. By Eli S. Rivers, admitting the note, and that it is unpaid, but alleging that he is the principal in the note and the other two appellees his sureties; and that the appellant is indebted to him in the sum of eight hundred and fifty dollars for money had and received, asking a set-off and judgment in his favor for the balance.

2. Also by Eli S. Rivers, that he had purchased certain walnut logs of the appellant, and entrusted the measurement of the logs to him; that he falsely and fraudulently measured the logs, whereby said Rivers was greatly damaged; all of which is set forth at tedious length; wherefore

he asks that the sum of eight hundred and fifty dollars may be set off, and claims judgment for the residue.

John Rivers and Andrew Radcliff, the other two makers of the note, answered that they were sureties, merely, with the usual prayer not to be held primarily liable, but no question is made upon their answer.

The general denial was replied to the two paragraphs of answer of Eli S. Rivers. Trial by jury; verdict in favor of Eli S. Rivers for two hundred and seven dollars and ninety-one cents; motion in arrest of judgment overruled; motion for a new trial overruled; exceptions to each ruling; and appeal to this court.

The motion in arrest of judgment was correctly overruled. True, the second paragraph of Eli S. Rivers' answer is insufficient. It shows no mutuality. In that paragraph he does not allege that he is the principal in the note and his co-defendants sureties. Besides, it sounds in tort. A tort cannot be made a set-off. The section (58, 2 G. & H. 89) by which he is authorized to plead a set-off in a case of this kind, requires it to be a " claim upon contract in favor of the principal defendant, and against the plaintiff." But the first paragraph of Eli S. Rivers' answer is good. The answer in this case stands to the verdict in favor of the appellant as a complaint; and when there is one good paragraph in a complaint which will uphold the judgment, it cannot be arrested because it contains other paragraphs which are not good. This is the common law practice, which is not changed by our present statute. Indeed, the subject, in reference to civil actions, is not mentioned in the code. 3 Blackstone, 393; *Clarkson* v. *M'Carty*, 5 Blackf. 574; *Newell* v. *Downs*, 8 Blackf. 523; *Knowr* v. *Dick*, 14 Ind. 20; *The Indianapolis, etc., R. R. Co.* v. *Ballard*, 22 Ind. 448; *Kelsey* v. *Henry*, 48 Ind. 37; *Spahr* v. *Nicklaus*, 51 Ind. 221. Nor can a debt be set off against a tort. *Allen* v. *Randolph*, 48 Ind. 496.

The evidence is all in the record, and its sufficiency to sustain the verdict is properly raised. It tends—how

strongly we need not say—to prove the facts alleged in the second paragraph of Eli S. Rivers' answer; but if it proved them overwhelmingly, it would not be sufficient. It is very clear that it does not prove a "claim upon contract," either express or implied. It neither proves, nor tends to prove, the facts alleged in the first paragraph of Eli S. Rivers' answer, and it is wholly insufficient to sustain the verdict. As the judgment must be reversed for this error, it becomes unnecessary to examine the other assigned errors, which will probably never arise again in this case.

The judgment is reversed, with costs; cause remanded, with instructions to sustain the motion for a new trial, etc.