## ZEIGELMUELLER *v.* SEAMER.

**PLEADING.**—*Set-Off.*—*Tort.*—A claim arising out of a tort can not be pleaded as a set-off to an action on account.

**SAME.**—*Motion to set aside Default.*—A judgment rendered against a defendant by default, on his failure to appear, will not be set aside to allow proof of a set-off arising out of a tort, though the motion therefor allege a sufficient excuse for the failure to appear.

From the Marion Circuit Court.

*R. B. Duncan, J. S. Duncan* and *Harvey & Galvin,* for appellant.

*M. G. McLain* and *J. P. Baker,* for appellee.

HOWK, C. J.—In this action the appellee sued the appellant, before a justice of the peace of Marion county, on an open account, for two dollars.

Before the justice, the appellant answered in two paragraphs :

1. Payment; and,

2. Set-off.

The trial before the justice resulted in a judgment in favor of the appellant and against the appellee, for the sum of thirty-six dollars and seventy-five cents, from which judgment the cause was appealed by the appellee to the circuit court.

In this latter court, though " three times loudly called," the appellant came not, but herein made default.

A trial by the court, without a jury, resulted in a finding and judgment in favor of the appellee, and against the appellant, for the just and full sum of two dollars, the entire amount of his account.

This was on the 16th day of December, 1876.

Afterward, on the 20th day of December, 1876, the appellant came, and, upon his affidavit filed, moved the court " to set aside the default and judgment of dismissal, taken in this cause." This motion was overruled by the court, and

to this ruling the appellant excepted, and filed his bill of exceptions, and appealed to this court.

The decision of the circuit court, in overruling his motion to set aside the default taken against him, has been assigned by the appellant as error.

In his affidavit in support of his motion, the appellant stated, in substance, that he had employed an attorney, naming him, upon whom he relied, " to attend the defence of said cause ; " but that his said attorney, " from indisposition, was unable to attend to said cause, at the time it was called for trial, of which affiant was ignorant ; " and further, that he had a " full and complete defence to the plaintiff's cause of action, which he will make manifest to the court, if the default and judgment were set aside and a new trial granted."

It may be assumed, we think, that the appellant's " full and complete defence " to the appellee's action was founded entirely upon the set-off filed by the appellant before the justice. For, in his affidavit to set aside the default, the appellant did not claim either that he did not owe, or that he had fully paid, the debt sued for in this action. The appellee's cause of action was an open account for goods sold and delivered by the appellee to the appellant. The cause of action was founded upon and arose out of contract.

The appellant's set-off was a claim arising out of tort, for trespass and the conversion of property. Such a claim can not be pleaded by way of set-off, against a cause of action founded upon or arising from contract, if it can in any case. *The Indianapolis, etc., Railroad Co.* v. *Ballard*, 22 Ind. 448 ; *Shelly* v. *Vanarsdoll*, 23 Ind. 543 ; *Roback* v. *Powell*, 36 Ind. 515 ; *Harris* v. *Rivers*, 53 Ind. 216 ; and *Boil* v. *Simms*, 60 Ind. 162.

If, therefore, the appellant had shown sufficient cause, in other respects, for setting aside the default entered

against him, in this action (a point which we need not and do not decide), yet, as he failed to show that he had any defence, of which he could lawfully avail himself, to the appellee's cause of action, we are bound to conclude that the court did not err in overruling the appellant's motion to set aside said default, or that the error was harmless, if any was committed. This court has often decided that it will not reverse a judgment for a harmless error. *Graeter* v. *Williams*, 55 Ind. 461; *The United States Express Co.* v. *Keefer*, 59 Ind. 263; and *Zorger* v. *The City of Greensburgh*, 60 Ind. 1.

The judgment is affirmed, at the appellant's costs.