Richey v. Bly.

No. 13,312.

RICHEY v. BLY.

SET-OFF.—*Contract.—Tort.— Waiver.*—A  claim arising out of tort can not
be pleaded by way of set-off against a cause of action founded upon or·
arising out of contract; nor can the defendant, by waiving his right of
action for the tort, make such claim available as a set-off.   Section 348,
R. S. 1881.

From the Wells Circuit Court.

*A. N. Martin* and *H. L. Martin*, for appellant.
*J. S. Dailey*, *L. Mock* and *A. Simmons*, for appellee.

HOWK, J.—In this case the only error assigned here by
appellant, defendant below, is thus assigned :  " The court
erred in sustaining appellee's motion to strike out the second
paragraph of appellant's answer to appellee's complaint."

In her complaint, appellee, Susan Bly, plaintiff below, al-
leged that defendant was indebted to her in the sum of
$73.40, for balance due her from him on settlement, and for·
work and labor performed by plaintiff for defendant, at his
instance and request, and for goods sold and delivered by·
plaintiff to defendant, etc.

Defendant answered in two paragraphs, of which the first
was a general denial of the complaint, and the second para-
graph was pleaded as a set-off.   Plaintiff's motion to reject
or strike out the second  paragraph of answer was sustained·
by the court, and to this ruling defendant excepted, and filed·
his bill of exceptions.   This is the ruling which the defend-
ant has assigned here as error.

The second paragraph of defendant's answer reads as fol-
lows :

"And for a second and further paragraph of answer by way
of set-off to plaintiff's complaint, defendant says that, before
the beginning of this suit, plaintiff was, and still is, indebted
to defendant in the sum of $100 for the value of 150 bushels·

of apples of the value of $50, by plaintiff unlawfully taken from the orchard of defendant without leave, for the value of ten apple trees belonging to defendant, unlawfully destroyed by plaintiff in wantonness, of the value of $25, and for the value of 50 pounds of feathers, belonging to defendant and of the value of $25, by plaintiff unlawfully taken and converted to her own use, or destroyed; that said sum is now due and wholly unpaid; and that defendant herewith submits to plaintiff certain interrogatories, and asks that she be ordered to answer the same. Wherefore defendant, waiving all right of action for the torts, and asking relief simply for the value of the property, asks that said sum of $100 be set off against a like sum of plaintiff's demand, and for judgment for the residue, for costs and other proper relief."

Plaintiff's motion to strike out this paragraph of answer was in writing, and the following reason therefor was assigned therein, namely: Because the matters pleaded in such paragraph as a set-off to plaintiff's action on account were a series of alleged torts and sound in tort, and were not legal and proper matters of set-off to plaintiff's cause of action.

We are of opinion that the court below did not err in sustaining plaintiff's motion or in striking out the second paragraph of defendant's answer herein. It is settled by our decisions, that a claim arising out of tort, for trespass or the wrongful conversion of property, can not be pleaded by way of set-off against a cause of action founded upon or arising out of contract. *Indianapolis, etc., R. R. Co.* v. *Ballard,* 22 Ind. 448; *Shelly* v. *Vanarsdoll,* 23 Ind. 543; *Roback* v. *Powell,* 36 Ind. 515; *Harris* v. *Rivers,* 53 Ind. 216; .*Boil* v. *Simms,* 60 Ind. 162; *Zeigelmueller* v. *Seamer,* 63 Ind. 488.

Defendant's counsel concede in argument that this court has uniformly held as we have stated. But counsel claim that it is also settled by our decisions, that, where a tort has been committed, it is competent for the injured party, at his election, to waive the tort and to sue for and recover, in *indebitatus assumpsit,* the value of the property wrongfully

destroyed or converted. It is no doubt true, that such have been the decisions of the court on this point. *Jones* v. *Gregg*, 17 Ind. 84; *Morford* v. *White*, 53 Ind. 547. Under these decisions, it might have been competent for defendant to have waived the tort and brought his action to recover the value of the property wrongfully destroyed or converted. But it does not follow that defendant could, by his waiver of the tort, make his claim against the plaintiff, described in the second paragraph of answer, " matter arising out of debt, duty or contract." It is of such " matter" our code imperatively requires that the set-off " must consist." Section 348, R. S. 1881. The set-off attempted to be pleaded in the second paragraph of defendant's answer, did not consist of matter arising out of debt, duty or contract, and plaintiff's motion to strike out or reject it was correctly sustained.

The judgment is affirmed, with costs.

Filed June 15, 1888.