Cameron, J.
A jury having been -waived, this case was heard and submitted to the court upon an agreed statement of facts, ably argued by counsel orally and upon briefs.
That we may apply the law applicable to the facts, as we understand it to be, a brief statement of the facts will, we believe, be conducive to a clear understanding of the legal questions involved and the law applicable to their proper solution.
The Agreed Facts.
On August 18, 1903, John Merchant, for the consideration of $6,380 to him paid and secured to be paid, executed and delivered to N. W. Ogan his certain warranty deed of that date and thereby conveyed to said Ogan in fee simple the lands described in plaintiff’s petition; that at the time of the execution and .delivery of said deed, Ogan, to secure the balance of unpaid purchase money for said lands so sold and conveyed, executed and delivered to said Merchant his two certain non-negotiable promissory notes in the sum of $2,000 each payable in one and two years, with interest thereon, and each bearing date of August 18, 1903, and being the same notes described in plaintiff’s petition. On September 8, 1903, Merchant, for full value to him paid, sold and delivered said two notes and the mortgage securing the same, to the plaintiff and then endorsed said notes in blank and assigned and transferred the mortgage securing the same to the plaintiff. That at the time the deed, notes and mortgage were executed and delivered, a dwelling-house, outbuildings and fruit trees were standing on sixty acres of the land so conveyed and on the night of August 19, 1903, said buildings and certain of said fruit trees were destroyed by fire while in the possession of said John- Merchant, and that afterwards, and on August 22, 3903, N. W. Ogan duly commenced an action in this court numbered 9159 against said John Merchant to recover the value of said buildings and trees. That «such further proceedings were had in said case, that on April 21, at the April term of said court; 1904, said Ogan, by the consideration of this court, 'recovered a judgment against said John Merchant for the sum of $700 debt, and the further sum of $59.63 costs.
*42 That at the time plaintiff purchased said notes and mortgage sued upon in'this action, it had no, notice or knowledge of the claim set up and sued upon by N. W. Ogan in his action against said John Merchant (cause No. 9159), nor did plaintiff have any notice or knowledge of such claim until September 9, 1904.
That said N. W. Ogan had no notice or knowledge of the transfer of said notes and mortgages or the transfer of either of them to plaintiff or any .one else until September 9, 1904.
That on September 15, 1903, John Merchant left the state of Ohio, and has ever since been and still is a non-resident of said state, nor has he, since leaving said state, had, nor has he now any property or property rights in said state and that his residence- and whereabouts have been at all times and still are. unknown to the parties hereto. That the judgment obtained by Ogan against Merchant in cause No. 9159 is unpaid, together with costs which have been .paid by N. W. Ogan.
■ That, if upon issues joined the court should find for the plaintiff, the finding shall be in the sum of $759.63, with interest from April 4, 1904, at 6 per cent. ■
It is further agreed that the plaintiff waives any claim or decree upon the mortgage and that the action is to proceed upon the notes against the administratrix of N. W. Ogan, deceased.
Upon these facts, the defendant claims that the judgment obtained by Ogan against Merchant in cause No. 9159, should be set off against the notes upon which the plaintiff’s action is founded.
The right to have the judgment so applied as set-off against the notes- is denied by the plaintiff; and thus arises the question which we are now called upon to decide.
Section 5071, Revised Statutes, defining set-off, provides:
“A set-off is a cause of action existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising on contract or ascertained by the decision of a court, and can only be pleaded in an action founded on contract. ’ ’
* * * but when a party asks that he may recover by -virtue of an assignment, the right of set-off, counter-claim, and defense, as allowed by law, shall not be impaired.”
Section 4993, Revised Statutes, .provides:
*43 Section 5069, Revised Statutes, defining counter-claim, provides :
“A counter-claim is a cause of action existing in favor of a defendant, and against a plaintiff or another defendant, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff’s claim, or connected with the subject of the action. ’ ’
The controlling question in the case as presented by the agreed facts, is this:
Can the judgment recovered by Ogan against Merchant on April 21,1904, be offset or counter-claimed against the notes upon which the plaintiff’s action is founded?
The action in which the judgment sought to be set-off against the claim of the plaintiff, was commenced by Ogan against Merchant, on August 22, 1903.
This was an action wherein Ogan sued Merchant for the recovery of damages alleged to have been sustained by the negligent and wrongful destruction of the dwelling-house, outbuilding and certain fruit trees near said buildings belonging to Ogan, by said Merchant, who it is alleged burned the same.
While it is true that the petition in that case avers that, for a valuable consideration, Merchant conveyed the lands therein described to Ogan in fee simple by his warranty deed, yet. it is manifest from the reading of the petition that the action was not for a breach of the covenants of the deed, but was an action sounding in tort.
While that action was pending, and on September 8, 1903, Merchant for full value to him paid, sold, transferred and delivered the two notes and the mortgage securing the same to the plaintiff. It is agreed by the parties in the present suit, that the plaintiff had no notice or knowledge of the claim that was being asserted by Ogan in his action against Merchant until long after the assignment of the two notes and the transfer of the mortgage securing the same to plaintiff, that is to say, not until September 9, 1904. I will here add that Ogan, also, had no- notice or knowledge that the two notes and the mortgage had been transferred by Merchant to the plaintiff or anyone else until September 9, 1904.
*44 Keeping in mind the facts in this case, and looking beyond them to the pleadings, also, we will determine the law applicable thereto as we understand it. .
The law is well settled, that the assignee of non-negotiable paper takes it subject to all the equities and defenses existing between the debtor and creditor at the time of the transfer.
This being true, the first pertinent inquiry is, whether the claim made by the defendant, at law, constitutes a set-off before reduced to judgment; and whether, under the agreed facts -in this case, the principles of an equitable set-off can be invoked.
In Mead v. Gillett, 19 Wend., 397, the court, speaking by Nelson, C. J.,'said:
“Where an action is brought upon a contract (other than a negotiable promissory note or. bill of exchange) which has been assigned, in the name of the assignor for the benefit of the assignee, the defendant can set off only such demands as existed against the assignor and in good faith belonged to the defendant at the time of the assignment; demands subsequently acquired can not be set-off although the defendant become the holder of them without notice of the assignment.”
At page 398 it is held .-
“The judgment in his favor (defendant), had not* then been obtained; besides, it was a judgment for a tort, and until its rendition he can not be considered as having a demand within the meaning of the statute of set-off.”
After reference to the section of the statute relating to set-off, the judge announcing the opinion of the court, says:
“The section (of the above statute) referred to authorizes a defendant in an action founded upon a contract (other than negotiable paper) which has been assigned to a third person, to set off a demand belonging to him in good faith before notice of assignment; but it must be a demand which was in existence against the plaintiff at the time he made the assignment. A debt accrued subsequently is impliedly excluded; the Legislature undoubtedly believing in such ease that the equity of the assignee was the -strongest, even in the absence of notice to the defendant. ’ ’ •
I quote from the case of Martin v. Kunzmiller, 37 N. Y., 396, Avhere it is held:
*45 “An allowance to a party by way of set-off, is always founded on an existing demand in praesenii and not on one that may be claimed in futuro.
“In an action by an asignee, the defendant can not offset a note made by the assignor which fell due after .the assignment of the subject of the action was made. ’ ’
Same -case and authorities cited. See, also, Waterman, Set-off, Section 99; Myers v. Davis, 22 N. Y., 489. ;
The New York statute, relating to set-off, while differing from outs in phraseology, in meaning is substantially the same.
Before citing and referring to decisions from our own and other states, I will' refer to the facts and decision in the case of Roberts v. Carter, 38 N. Y., 107.
In this case, Roberts brought an action against Carter for damages for a tort. At the same time Carter brought an action against Roberts for rent. Both actions were pending at the same time. The referee to whom the actions were referred, re-' ported in both cases in favor of each plaintiff respectively. On the same day, without fraud or collusion, Carter assigned his claim to Terry for a valuable consideration and on application of Terry, judgment was entered in his name. Subsequently Roberts perfected his judgment against Carter on which executions were issued and returned unsatisfied. This action was brought by Roberts to compel a set-off of the judgment obtained against him by Carter toward the judgment obtained by him against Carter.
Upon this state of facts the court of appeals held:
“That Roberts had no right to such set-off at the time of the assignment of the claim against him, and that he acquired no such right subsequently.”
At page 108, Judge Woodruff, speaking for the court, said:
“Upon these facts, I am unable to perceive, that, on July 21, 1857, when the defendant Carter assigned his claim for rent to the defendant Terry, the plaintiff had any title, legal or equitable, to the set-off which, in this action, he claims, and, if not, then he certainly did not acquire any right after such assignment took place.
“At law, his right of set-off did not exist. He was sued for money due upon contract. He was suing to recover damages for a tort; as to such claims, no right of set-off existed. ’ ’
*46 I quote further from this opinion at page 109, as follows:
“On the day of the assignment, no right of set-off existed. It iyas only upon the entry of judgment, that the plaintiff eame into á situation to claim a set-off, either by motion or bill in equity, and before that time the claim of Carter had been assigned, for a valuable consideration, to his attorney, the defendant Terry. Non constat, at that time, that the plaintiff would recover a judgment.
‘ ‘ It may be conceded, that Terry took the assigned claim, subject 'to all the equities which then existed, in favor of the plaintiff. !“5' *' * But, at that time, no equities did exist, according to any facts proved or found .in the case, if the opinion of the -judge at special term may be consulted to ascertain what he did find.”
In Chambers v. Wright, 52 Ala., 444, it was held:
“That damages arising out of tort can not be the subject of a sefioff in equity.”
. The Supreme Court of Indiana in Avery v. Dougherty, 102 Ind., 443, stated the general rule as follows:
‘ The general rule is, that a tort can not be made, to constitute a defense by way either of set-off or counter-claim..”
To the same effect are the decisions, Lovejoy v. Robinson, 8 Ind., 399; Slayback v. Jones, 9 Ind., 470; Shelly v. Vanarsdoll, 23 Ind., 543; Terre Haute & Ind. Ry. v. Pierce, 95 Ind., 496-500.
“A claim arising ex delicto is unavailable as a set-off,” Boyer v. Clark, 3 Neb., 167.
“Equitable demands existing in fa.yor of the maker of a-note against the payee may be set off against the assignee, when such demands existed in favor of the maker before the assignment.” Colyer v. Craig, 50.Ky. (11 B. Mon.), 73.
In Zeigelmueller v. Seamer, 63 Ind., 488, it is held:
‘ ‘ A- claim arising out of a tort can not be pleaded as a set-off to an • action on account. • '
“Such a claim can not be pleaded by way of set-off, against a cause of action upon or arising from contract, if it can-in any case.” . ’
To the same effect are the decisions, Indianapolis & C. Ry. v. Ballard, 22 Ind., 448; Robach v. Powell, 36. Ind., 515; Harris v. *47 Rivers, 53 Ind., 216; Robison v. Hibbs, 48 Ill., 408; Boil v. Simms, 60 Ind., 162.
An. examination of the decisions of our own courts shows 'that they are in harmony with the decisions of courts of other'states, upon this subject.
In Whims v. Grove, 1 C. C., 98, the circuit court of the. second circuit held:
“In an action against the maker by the holder of a non-negotiable note, received by endorsement from the payee in good faith; for value, .and before maturity, the maker is not entitled to set off an independent past due claim, purchased by him against the payee of such non-negotiable note after the same had been so transferred to such holder, and before the maturity thereof. ’ ’’
At page 60 the court say:
. “In other words, there is a right of set-off only when-a cross demand exists between the same parties at the same time in the same right, and on which either could, at the time, maintain-an action against the other.”
•This decision is in line with Section 5071,' Revised Statutes, heretofore cited. Waterman, Set-off, supra; Pomeroy, Remedies, Section 198, et seq. '
The case of Fuller v. Steigletz, 27 Ohio St., 355, seems to be pertinent to the question under consideration; I quote Syl.. 1 r
“The assignment of a non-negotiable demand arising on contract, before due, defeats a set-off by the debtor of an independent cross demand, on which no right of action had accrued at the time .of the assignment. ” .
■ The court, at page 361, quotes with apparent approval Waterman, Set-off, Section 99, where it is said:
“Until a demand becomes due the set-off or counter-claim may be defeated by assignment by the opposite party of his claimj though the latter be insolvent, and his demand has not been payable when assigned.”
. The court, in this case, cites and quotes with approval, Martin v. Kunzmiller, and Roberts v. Carter, supra, and other cases' from which we have heretofore quoted. •
' Defendant’s counsel claim an equitable set-off by reason'of the broken covenants-for quiet'enjoyment, etc., in the deed-from *48 Merchant to Ogan. Many cases are cited in support of this contention. In most, if not all the cases so cited, the covenants for quiet enjoyment were broken on account of the failure of title.
In the case at bar, it must be remembered that no such claim is made in the pleadings. I have been unable to find any averment or allegation that any covenant for peaceable and quiet enjoyment of said premises had been broken. If we turn to the agreed facts, we find no evidence to sustain any such claim. The transaction between Merchant and Ogan had terminated. The deed from Merchant to Ogan had been made and delivered, the cash payments and the notes and mortgages evidencing and securing balance of purchase money for the premises conveyed, had likewise'been executed and delivered. The entire business of selling and buying the lands had been consummated.
• Th judgment sought to be set off in this case did not grow out of or was it in any manner connected with this transaction'; nor is it alleged or proven that the judgment of $700 against Merchant was the offspring of a broken covenant but was in truth and fact the result of an action in tort. It does not, in my judgment, under such circumstances, become available as an equitable set-off, counter-claim or defense. ■
I agree with defendant’s counsel that plaintiff took these notes subject to any equities existing between the maker thereof and the payee -therein at the time of the assignment. But, under the agreed facts, what equities then existed? There was at that time, pending in this court, an action wherein Ogan was plaintiff and Merchant was defendant, in Which Ogan was claiming damages against Merchant for the unlawful destruction of his property. Merchant had answered denying all liability. The action was one for damages for tort. Issue had been joined. Whether this action would terminate in a judgment in favor of the plaintiff, was then problematical. Under such circumstances, we are unable to see any equities between the original parties to these notes that could, as a legal or equitable set-off, now be asserted against the assignee who acquired the notes .for full value seven months before judgment was obtained in the ease..
Again the notes sued on were not due when this action for damages was.pending—not due when judgment was taken therein, and for months thereafter.
*49 If, then, no set-off or counter-claim existed at the time of:the assignment, none that might thereafter arise would, or could, in our opinion, be available as against the rights of the assignee. In other words, to be available as a set-off, as against the rights of the assignee, it must be an existing claim in praesenti and not in futuro.
Had Merchant remained the owner of the notes and if judgment had been obtained thereon by him against Ogan then, in equity, one judgment might have been set off against the other.
Believing that the conclusions reached are in harmony with the authorities, and in accordance with the evidence upon which the' case has been heard, there will be a finding in favor of the plaintiff for the sum of $759.63 with interest from April 4, 1904, at 6 per cent., as stipulated in the ninth paragraph of the agreed statement of facts.
Judgment accordingly.