## ROBISON v. ROBISON et al.

No. 3704.   Decided December 15, 1921.   (203 Pac. 340.)

1.   EXECUTORS AND ADMINISTRATORS—STATUTE REQUIRING CLAIMS "ARISING ON CONTRACTS" TO BE PRESENTED FOR ALLOWANCE BEFORE ACTION INAPPLICABLE TO CLAIMS FOR DAMAGES FROM TORTS. Under Comp. Laws 1917, § 7648, requiring claims against the estate of a decedent "arising upon contracts" to be presented for allowance as a condition precedent to action or counterclaim against the administrator, held inapplicable to a cause of action for conversion of shares of water stock, or to a cause of action for depriving person entitled thereto of the right to the use of water, the statute being inapplicable to actions in tort.[1]

2.   SET-OFF AND COUNTERCLAIM—CAUSE OF ACTION WHICH MAY BE TREATED EITHER IN TORT OF CONTRACT MAY BE SO TREATED AS

TO RIGHT TO COUNTERCLAIM. Where a cause of action may ·be treated as arising either from tort or on a contract, it may be pleaded as a cause of action on a contract as a counterclaim to a cause of action arising on another contract, or, when set up by a plaintiff, may be opposed by a counterclaim arising out of another contract.

3. ESTOPPEL—CAUSE OF ACTION CANNOT BE TREATED AS ONE ON CONTRACT AND AS ONE IN TORT IN SAME ACTION. A defendant being sued on a contract by the administrator of the estate of a decedent could not treat a cause of action pleaded as a counterclaim as one on an implied contract in order to plead the cause of action as a counterclaim, under Comp. Laws 1917, § 6576, subd. 2, and in the same action treat the same cause of action as one in tort in order to avoid section 7648, requiring claims arising upon contracts to be presented for allowance as a condition precedent to the right to maintain an action or counterclaim against the administrator; the two positions being inconsistent.

4. ELECTION OF REMEDIES—REMEDIES NOT INCONSISTENT, BUT MERELY CUMULATIVE, MAY BE PURSUED. When remedies are not inconsistent and are merely cumulative, the party may pursue either or both without violating any rule of law or procedure.[2]

5. APPEAL AND ERROR—RULING THAT DEFENSE WAS NOT A PROPER COUNTERCLAIM HARMLESS. Ruling that defendant could not prove counterclaim for tort *held* harmless, where the cause of action could be set up as a counterclaim if tort were waived, but it was not a good counterclaim when treated as a contract by reason of failure to file claim with administrator.

Appeal from District Court, Fifth District, Millard County; *Wm. F. Knox,* Judge.

Action by Parker Robison, as administrator of the estate of Almon Robison, deceased, against Proctor H. Robison and another, in which named defendant filed counterclaims. Judgment for plaintiff, and named defendant appeals.

REMANDED, with directions.

*King & Schulder,* of Salt Lake City, for appellant.

*J. A. Melville, Jr.,* and *W. E. Rydalch,* both of Salt Lake City, for respondent.

*T. M. Ivory,* of Fillmore, for defendant Trimble.

[1] *Van Wagoner* v. *Whitmore,* 58 Utah 418, 199 Pac. 670.
[2] *Howard* v. *Paulson Co.,* 41 Utah, 490, 127 Pac. 284.

FRICK, J.

The plaintiff, as the administrator of the estate of Almon Robison, deceased, commenced this action in the district court of Millard county, Utah, to foreclose a mortgage executed and delivered to said Almon Robison in his lifetime by the defendant Proctor H. Robison and by May M. Trimble, who was the former wife of Proctor H. Robison. The complaint is in the usual form. In view that the defendant May M. Trimble made no defense to the foreclosure action, she will not be considered further in this opinion.

The defendant Proctor H. Robison filed an answer in which he presented a special defense and also pleaded several counterclaims in the nature of set-offs to the note and mortgage in suit. In view that the court found against the special defense set up in the answer, and as there is no claim of error in that regard, we shall not notice that matter further.

In the first alleged counterclaim it is in substance alleged that at the time of the death of said Almon Robison the defendant Proctor H. Robison was the owner of $56\frac{2}{3}$ shares of "first-class" water stock and $23\frac{1}{3}$ shares of "second-class" water stock in the Fillmore Irrigation Company, a corporation, which stock is of the "reasonable value of $12,000." The defendant then, upon information and belief, alleges facts which in law constitute a conversion of said 80 shares of water stock, and further alleged that he demanded the delivery of the same to him and refusal of the demand. The defendant as a part of said counterclaim then alleges "that in consequence of the appropriation of said stock certificates by the

plaintiff, the defendant was prevented from enjoying the rights to the use of the waters to which he was entitled for irrigation purposes,'' etc., and that by reason thereof he sustained damages in the sum of $2,000. For a second cause of counterclaim the defendant in substance alleges that for ''more than 15 years last past'' he was the owner and entitled to the use of sufficient water to irrigate 22 city lots in Fillmore City, Utah. The defendant then sets forth the facts respecting his ownership and right to the use of said water and the issue of certificates in which the right to the use of said water was set' forth, and that said Almon Robison, deceased, wrongfully caused said certificates to be issued in his name, and thus wrongfully deprived the defendant of the use of said water to irrigate said 22 lots. The defendant further avers ''that the right to the use of the water for said 22 city lots in Fillmore City is of the reasonable value of $200 per lot, or a total in all of $4,400.'' The facts respecting the alleged wrongs by said Almon Robison and how the defendant was deprived of the use of said water are fully stated.

Upon the facts alleged, the defendants prayed judgment as follows:

"Defendant prays judgment for $2,000 on first cause of action of counterclaim, as damages for the reasonable value of the use of said water for the years 1919 and 1920. For the return of said stock certificates, or, if return thereof cannot be had, for the sum of $12,000; and upon the second cause of action of said counterclaim for the return and cancellation of said certificates for the rights to the use of water for the irrigation of 22 city lots of Fillmore City, or, if said certificates cannot be returned, for the sum of $4,400, reasonable value thereof; for interest and costs of this action."

For reasons hereinafter appearing, we have stated the prayer in full.

Demurrers, general and special, were interposed to the alleged counterclaims, all of which were overruled.

After the demurrers were overruled, plaintiff filed a reply to the facts alleged in the said counterclaims. It is not necessary to refer to the facts stated in plaintiff's reply, except to state that the allegations in the counterclaims were either denied or avoided.

When the case came on for trial upon the foregoing pleadings, and after the plaintiff had' presented his evidence and the defendant was about to present evidence in support of his counterclaims, the plaintiff objected to the introduction of any evidence by the defendant in support of his alleged counterclaims for the reasons:  (1)  That the facts pleaded therein were not proper subjects of counterclaim against plaintiff's cause of action: and (2) that the alleged causes of action set forth in said counterclaim were barred for the reason that defendant had failed to present claims to the administrator for allowance as provided by our statute.  While other objections were urged to the introduction of the evidence, yet the foregoing are the principal ones, and the only ones requiring special mention here.

The district court sustained both grounds of plaintiff's objections to which ruling the defendant excepted, whereupon the court made its findings of fact and conclusions of law in favor of the plaintiff; ordered the mortgage foreclosed and entered judgment to that effect, from which the defendant Proctor H. Robison appeals.

While counsel for defendant originally assigned a large number of errors, yet, in their printed brief, they present but two propositions for decision, which, stating them in their own language, are as follows:

"Fourteen errors have been assigned, but, in effect, they represent but two questions for determination on this appeal:

"First.  Was the defendant Proctor H. Robison required to present properly verified claims to the administrator of the estate of Almon Robison before he would be entitled to sue upon the causes of action stated in his counterclaims?  And

"Second.  Can the matters alleged be properly pleaded as counterclaims?"

We are of the opinion that the district court erred in holding that in view that the defendant had failed to present the claims set forth in these counterclaims to the administrator of the estate of Almon Robison for allowance therefor the claims were barred under our statute.  That question is no longer an open one in this jurisdiction.  In *Van Wagoner* v. *Whitmore,* 58 Utah 418, 199 Pac. 670, this court held that

our statute, Comp. Laws Utah 1917, § 7648, requires only the claims "arising upon contracts" to be presented for allowance as a condition precedent to the right to maintain an action or counterclaim against the administrator of the estate. The decision in that case is supported by all the decisions which are based upon statutes similar to ours. *Hardin* v. *Sin Claire*, 115 Cal. 460, 47 Pac. 363; *Leverone* v. *Weakley*, 155 Cal. 395-402, 101 Pac. 304. See 2 Church, Probate Law & Pr. (2d Ed.) p. 1068, where numerous cases are cited under statutes similar to ours. In view that the facts stated in these counterclaims constituted torts, this question clearly comes within the rule stated in *Van Wagoner* v. *Whitmore,* supra, and hence needs no further consideration.

This brings us to the second proposition stated by defendant's counsel, namely, Can the matters set forth in defendant's alleged counterclaims be successfully pleaded as a setoff to the note and mortgage sued on in this action? Counsel for the defendant in their printed brief argue, and at the hearing they with much vigor insisted, that although the causes of action set forth in the several counterclaims sounded in tort, yet, under the authorities, the defendant had the right to waive the torts and to sue and recover as upon an implied contract or promise and that in his counterclaims he has elected to waive the torts and seeks to recover upon implied promises. There is no doubt that under a statute like ours relating to counterclaims, Comp. Laws Utah 1917, § 6576, the courts have frequently held that under certain conditions the tort may be waived and when so waived the matters, although sounding in tort and unliquidated, may nevertheless, be successfully pleaded as a set-off. Section 6576 defines a "counterclaim" thus:

"(1) A cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"(2) In an action arising upon contract, any other cause of action arising also upon contract, and existing at the commencement of the action."

The alleged counterclaims in question, of necessity, come

within subdivision 2 of section 6576, supra, and are usually denominated set-offs.

In Pomeroy, Code Remedies (4th Ed.), the author, after discussing at great length the principles upon which the statute relating to counterclaims under the Code is based, finally, in section 677, closes the discussion by what he calls the "established doctrine" in these words:

"It may be regarded as a doctrine established by the overwhelming weight of authority that whenever by the principles of law, independent of the new procedure, a cause of action may be treated as arising either from tort or on contract, and the party holding the right may elect between the two kinds of remedial proceeding, and does in fact elect to sue on contract, the demand thus determined to be upon contract may be counterclaimed against a plaintiff's cause of action arising on another contract, or when itself set up by a plaintiff, it may be opposed by a counterclaim arising out of another contract. The only question of doubt in the practical application of this doctrine relates to the necessity of indicating the election in the pleading itself; or, in other words, whether the demand may not be thus used as a counterclaim, or against a counterclaim, even though the pleading contains no averments showing the election to have been actually made. While the courts have generally sustained this doctrine, they are not absolutely unanimous."

The following cases, among others, fully sustain the text as quoted from Pomeroy: *Norden* v. *Jones,* 33 Wis. 600, 14 Am. Rep. 782; *Starr Cash Car Co.* v. *Reinhart,* 2 Misc. Rep. 116, 20 N. Y. Supp. 872; *Barnes* v. *McMullins,* 78 Mo. 260; *Challiss* v. *Wylie,* 35 Kan. 506, 11 Pac. 438; *Smith* v. *McCarthy,* 39 Kan. 308, 18 Pac. 204; *Tidewater Quarry Co.* v. *Scott,* 105 Va. 160, 52 S. E. 835, 115 Am. St. Rep. 864, 8 Ann. Cas. 736; *Bates* v. *Lanier,* 75 Fla. 79, 77 South. 628; *Bank of Butte* v. *Silver,* 45 Mont. 231, 122 Pac. 584; Phillips, Code Pleading, § 254.

In *Barnes* v. *McMullins,* supra, the doctrine is admirably stated in the headnote which we here reproduce:

"In determining what may be considered as 'an action arising on contract,' within the meaning of the second subdivision of section 3522, Revised Statutes 1879, a rather liberal construction has been employed by the courts. All independent express contracts, whether liquidated or unliquidated, are the subject of counter-

claim under this subdivision, as a matter of course; and it has been held that in all that class of cases in which a tort has been suffered and the law permits the sufferer to waive the tort and sue upon an implied contract, if he indicates in his plea that he is proceeding on the implied assumpsit, his action will be sustained under this subdivision as an action arising on contract."

In *Challiss* v. *Wylie,* supra, Mr. Chief Justice Horton, in the opinion, states the doctrine thus:

"We think the trial court committed error in striking out of the answer of Challiss his set-off against Robert W. Wylie for the sum of $2,000. In this state, any cause of action arising from contract, whether it be for a liquidated demand or for unliquidated damages, may constitute a set-off and be pleaded as such in any action founded upon contract; and a cause of action founded upon an implied contract may be pleaded in set-off as well as any other cause of action. Even where a cause of action is founded upon a tort, a party may waive the tort if he choose, and treat his cause of action as one arising upon an implied contract. Wherever a person commits a wrong against the estate of another, with the intention of benefiting his own estate, the law will, at the election of the party injured, imply or presume a contract on the part of the wrongdoer to pay to the party injured the full value of all benefits resulting to such wrongdoer. And in such a case the party injured may elect to sue upon the implied contract for the value of the benefits received by the wrongdoer."

In the case of *Tidewater Quarry Co.* v. *Scott,* supra, the Supreme Court of Virginia, in the course of the opinion, after referring to a number of authorities, concludes thus:

"In the light of these authorities the defendant had the right to waive its action for damages against the plaintiff for his tortious act in converting the property of the defendant to his own use, and to bring indebitatus assumpsit for the value of the goods appropriated and, therefore, had the right to offset the plaintiff's demand with the value of such goods. Set-offs are to be encouraged; they lessen the amount of litigation by preventing circuity of action. There is no reason or propriety in driving these parties to cross-actions and to compel the claims to be settled in two suits, when full and equal justice can be awarded to each of them in one suit."

It is not necessary to quote further from the cases. Nor is it necessary to here review the few cases which hold to a contrary doctrine. The cases generally cited, however, are

*Richey* v. *Bly*, 115 Ind. 232, 17 N. E. 296, and *Folsom* v. *Carli*, 6 Minn. 420 (Gil. 284), 80 Am. Dec. 456.

In view of the authorities, it may therefore be asserted with confidence that the doctrine as it is stated by Mr. Pomeroy in his work on Code Remedies is fully established.

If, therefore, this case had been commenced by Almon Robison in his lifetime, we would be forced to hold that the district court erred in rejecting defendant's evidence which he offered in support of his counterclaims.

Does the same rule apply, however, where, as here, an action is brought by the administrator of the estate of the mortgagee, and where the statute requires that all claims "arising upon contracts" must be presented to the administrator for allowance, and if not so presented within the time specified they are barred?

It will be observed that in order to avoid the presentation of his claims to the administrator for allowance, the defendant insists that the claims did not arise upon contract but sound in tort, and therefore he was not required to present them for allowance. When, however, he sets them forth as counterclaims or as set-offs to the note and mortgage sued on, he insists that he waives the torts and sues upon an implied promise or contract. The query is: May he do so? May he, when the objection is made by the plaintiff in this action that he cannot be heard upon his claims because he failed to present them for allowance, meet that objection by insisting that he was not required to present them for allowance because they did not arise upon contract but constituted torts, and when another objection is interposed that if his claims sound in tort, he cannot counterclaim them in this action, may he then meet that objection by saying, "I have elected to waive the tort and to rely upon the implied contract, and therefore I can successfully plead these claims as counterclaims in this action although I did not present them because they sounded in tort?" May he, in a court of justice, and in the same action, insist upon two inconsistent positions? May he insist that a certain transaction constituted a tort for the purpose of saving his right of action upon the one hand, and in the

next breath treat the same transaction as an implied contract for the purpose of availing himself of it as a set-off in the foreclosure proceeding?

We have seen that he had the right to waive the tort and to rely upon the implied contract; but no case has been found, and we think none can be, where it was held that a party to an action can rely both on an implied contract for one purpose and upon a tort for another purpose when they constitute the same transaction and in the same proceeding, and obtain an advantage from both. We think that under such circumstances the doctrine of election applies. That doctrine is well established and is always en-     **3** forced where, as here, the party seeks to avail himself of two inconsistent remedies. The doctrine is well stated in the case of *Carroll* v. *Fethers*, 102 Wis. 436, 78 N. W. 604, in the following words:

"One who, with full knowledge of the facts, sues to recover money upon an implied contract as for money had and received, thereby waives all right to bring a subsequent action on the theory that the money was wrongfully converted."

In *Wright, etc., Co.* v. *Robinson*, 79 Minn. 272, 82 N. W. 632, the doctrine is stated thus:

"As soon as a choice of alternative remedies proffered by the law is made, and one of these is adopted, the act itself operates as a final and absolute bar as regards the other remedy."

In *Blaker* v. *Morse*, 60 Kan. 24, 55 Pac. 274, the gist of the decision is stated in the second headnote in the following words:

"A party having a right to resort to two inconsistent remedies is bound by an election made with the full knowledge of the facts, and cannot thereafter pursue the other remedy because it promises better results."

To the same effect are *Remington* v. *Hudson*, 64 Kan. 43, 67 Pac. 636; *Theusen* v. *Bryan*, 113 Iowa, 496, 85 N. W. 802; *Nield* v. *Burton*, 49 Mich. 53, 12 N. W. 906; *Conrow* v. *Little*, 115 N. Y. 387, 393, 22 N. E. 346, 5 L. R. A. 693.

In the Michigan case it is held that—

"Waiving the tort of a conversion and suing in assumpsit amounts to an election to regard the defendant as owner of the

property converted, and estops the plaintiff from bringing trover against the defendant's vendee."

In *Carroll* v. *Fethers,* supra, it is held that where one sues as upon an implied contract he cannot afterwards also insist upon the tort; that in relying upon the implied contract he has elected to waive the tort and cannot after such election recover upon the tort.

In *Conrow* v. *Little,* supra, the court held that—

"Where a party takes legal steps to enforce a contract, this is a conclusive election not to rescind on account of anything then known to him."

While we unreservedly concede that in this case the defendant did not bring an action and in that way elect what remedy he would pursue, he, nevertheless, did elect to rely upon the transactions as torts, so as to avoid the necessity of presenting them for allowance to the administrator and that in this action he now insists that he elects to treat those same transactions as contracts. While this case may not come within the letter of the foregoing decisions, it, nevertheless, comes squarely within the principle upon which those decisions are based. We are forced to the conclusion, therefore, that the defendant, in electing to treat his claims as sounding in tort for the purpose of avoiding the necessity of presenting them to the administrator for allowance and in gaining an advantage by such action, cannot now, when it is to his advantage to waive the tort, treat the claims as contracts and disregard the former election, but that he is bound thereby.

Defendant's counsel, however, also insist that the defendant is in fact seeking to recover specific property and for that reason was not, under any circumstances, required to present his claims to the administrator for allowance. In support of the foregoing contention counsel point to their prayer for relief which we have herein set forth. The facts set up in the counterclaims, except the claim for consequential damages, may, however, be construed as constituting a conversion of the water stock—nothing more, nothing less. By electing to sue upon the promise or contract implied by law rather than upon the tort, the defendant, as a matter of law, elected to

confirm the right or title to the stock in the plaintiff, and thus could not recover the specific property. If he intends to recover as upon an implied contract, he can only recover the reasonable value of the property which was converted and not the property itself. In seeking to recover the specific property wrongfully taken or withheld from a person, he does not waive the tort, but relies upon it, and in order to redress the wrong he asks the return of the property with damages for its detention. True, in suing in replevin, he may pray judgment in the alternative, but that is so because the statute permits it and because it is an incident of that action. In obtaining such a judgment, however, the tort is not waived. Upon the contrary, it is relied on, and the action is in tort and not upon an implied contract. Although the defendant has prayed for alternative relief, yet that, standing alone, can neither change the nature of his action nor determine the relief he may be entitled to in view of the facts stated in his pleadings. Having once found it to his advantage to treat the transactions as a tort, he cannot thereafter treat the same transactions as a contract, although he may in the first instance have elected to so treat them. He cannot take inconsistent positions with respect to the same transactions and pursue inconsistent remedies.

When, however, the remedies are not inconsistent and are merely cumulative, the party may pursue either or both without violating any rule of law or procedure. The law in that regard is laid down by this court in the case of *Howard* v. *Paulson Co.*, 41 Utah, 490, 127 Pac. 284. See, also, 7 Ency. Pl. & Pr. 360 et seq., where the subject is fully discussed.

While there may be some doubt whether, in view of all that is stated in defendant's counterclaims, it should be held that he must recover in tort rather than upon an implied promise or contract, yet we prefer to waive that question and place this decision upon the broad ground that the defendant having elected to treat the transactions as sounding in tort when it was to his advantage to do so, he, for the reasons hereinbefore stated, will not now be permitted to change his position and treat them as contracts. We are therefore again

---

---

forced to the conclusion that while ordinarily the transactions set forth in the counterclaims might successfully be pleaded as counterclaims in a foreclosure action, yet, for the reasons hereinbefore stated, that may not be done in this action. It follows, therefore, that although the district court erred in holding that the transactions could not be pleaded for the reasons stated by it, the result was, nevertheless, right for the reasons herein stated, and therefore the error was harmless. We have had less hesitancy in arriving at the foregoing conclusion for the reason that the rule here followed will result in a consistent and orderly procedure and that although the defendant is prevented by reason of plaintiff's objections from availing himself of his claims in this action, he may, nevertheless, do so in an independent action.

It is therefore ordered that in so far as the findings of fact, conclusions of law, and judgment relate to the foreclosure of the mortgage, the same are affirmed. In so far as the ruling of the court has prevented the defendant from proving his claims upon the ground that he had failed to present them to plaintiff, as administrator, for allowance, and further in so far as the ruling of the district court has prevented the defendant from proving his counterclaim upon the ground that the transactions set up were not properly pleadable as counterclaims the rulings are reversed, that the latter ruling, although contrary to the holding herein, is, nevertheless, harmless for the reasons hereinbefore stated.

The cause is therefore remanded to the district court of Millard county, with directions to enforce the judgment of foreclosure, to dismiss the defendant's counterclaim, without prejudice, however, to his right to bring in independent action.

It is further ordered that the costs of this appeal be paid by the parties, each to pay one-half thereof.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.