## ALLEN ET AL. *v.* UNITED STATES.

1. A demand by the United States for the proceeds of Indian trust bonds, unlawfully converted to their own use by persons who had illegally procured and sold them, and had afterwards become wholly insolvent, is a demand arising upon an implied contract, or one which may be so treated by a waiver of the alleged fraud in the conversion of the bonds.

2. It is, therefore, the proper subject of set-off by the United States to a demand made by the general assignees in insolvency of the parties who had thus converted the bonds to their own use, for the price of certain property formerly belonging to the insolvents, and by their said general assignees sold to the United States.

3. The amount of the proceeds of the bonds, though not determined by judicial proceedings, was sufficiently liquidated to be the subject of set-off, since it could be stated with certainty and interest be computed and added.

4. And even if, prior to the passage of the act of March 3d, 1863, amending the act establishing the Court of Claims, objection to the set-off existed in the fact that the demand of the United States was unliquidated (assuming that to have been fact), none could exist subsequent to it; the fifth section of that act covering this class of demands.

APPEAL from the Court of Claims; the case being thus:

A statute of the United States, passed March 3d, 1797,* enacts that,

"When any revenue officer or other persons hereafter becoming indebted to the United States, by bond or otherwise, shall become insolvent . . . the debt due to the United States shall be first satisfied, and the priority hereby established shall be deemed to extend to cases in which a debtor not having sufficient property to pay all his debts, shall make a voluntary assignment thereof . . . as to cases in which an act of legal bankruptcy shall be committed."

And a statute of March 3d, 1863,† amending the act establishing the Court of Claims enacts:

"SECTION 3. That said court, in addition to the jurisdiction now conferred by law, shall also have jurisdiction of all set-offs, counter-claims, claims for damages, whether liquidated or un-

---

* 1 Stat. at Large, 515.                    † 12 Id. 765.

liquidated, or other demands whatsoever on the part of the government, against any person making claim against the government in said court; and upon the trial of any such cause, it shall bear and determine such claim or demand both for and against the government and claimant," &c.

These statutes being in force, Russell, Majors & Waddell, partners in business, being at the time wholly insolvent, executed and delivered, in January, 1861, to one Allen and a certain Massey, two deeds of assignment, conveying all their property in trust for the benefit of their creditors. In November following, the claimants sold to the United States a portion of the property thus conveyed, consisting of wagons and oxen, for a sum exceeding $112,000. And the quartermaster of the United States, who acted as agent of the government in the purchase, gave to them certificates that the bills were "correct and just, and that the articles had been accounted for on his property return." Of the sum mentioned, only a part was paid; leaving a balance amounting to $71,491, of which payment was refused.

Thereupon Allen and Massey filed their petition in the Court of Claims, to obtain payment of that balance.

It appeared from the findings of the Court of Claims, that at the date of the assignments, Russell, Majors & Waddell were indebted to the United States in the sum of $870,000 or thereabouts, for certain Indian trust bonds belonging to the United States, which they had illegally procured and sold, and the proceeds of which they had applied to their own use, and it was by reason of this indebtedness that the payment to the claimants of the above mentioned balance was refused.

The Court of Claims held that the United States were entitled to priority of payment out of the proceeds of the property assigned by Russell, Majors & Waddell, under the trust deeds, and to set off so much of the indebtedness of that firm to them, as would be equal to the amount claimed and proved; and accordingly dismissed the petition. Hence the present appeal.

*Mr. James Hughes, for the appellants:*

1. The findings of the Court of Claims show affirmatively that the claim which was set off against the appellants' vouchers, was an unliquidated and disputed claim which the government had never established, nor prosecuted to judgment, against Russell, Majors & Waddell, the peculiar character of which was such, that it could not be paid and adjusted by the claimants acting as trustees under the assignment.

2. It was competent for the United States to waive their right of priority of payment under the deeds of assignment, and the purchase of the property and delivery of the formal vouchers sued-upon, constitute such waiver.

*Mr. G. H. Williams, Attorney-General; Messrs. C. H. Hill, and W. McMichael, Assistant Attorneys-General, contra:*

Mr. Justice FIELD delivered the opinion of the court.

Among the cases in which the United States are entitled, by act of March 3d, 1797, to priority in the payment of debts due to them over debts to other creditors, is the case where the debtor, not having sufficient property to pay his debts, makes a voluntary assignment of the property he has for their payment. Of the creditors of Russell, Majors & Waddell, the United States are therefore entitled to be preferred in the payment of their demand out of the proceeds of the property in the hands of the claimants, the property not being subject at the date of the assignments to any specific charge or lien. This preference the claimants cannot disregard in the distribution of the proceeds without making themselves personally liable for the amount payable on the demand of the United States.* If they could recover the amount claimed in the present suit, they would be required immediately to pay it over to the United States on the debt of the assignors, after deducting the expenses of its collection. This is, therefore, a case in which the demand of the

---

* United States *v.* Clark, 1 Paine, 629.

United States would be allowed as a set-off against the claim of the assignors, independent of the statute of March 3d, 1863, amending the act establishing the Court of Claims. The demand being for the proceeds of certain Indian trust bonds unlawfully converted by Russell, Majors & Waddell, to their own use, is one arising upon an implied contract, or may be so treated by the waiver of the alleged fraud in the conversion of the bonds. Although the amount of the proceeds has not been determined by judicial proceedings, it can be stated with certainty, and the interest can be added by computation. The demand is therefore the proper subject of set-off in a suit for the recovery by the claimants of the amount due upon a sale to the United States of property held by them under the deeds of assignment.

If the objection urged by counsel of the claimants to the allowance of the set-off, that the demand against Russell, Majors & Waddell is unliquidated, would have been entitled to consideration, supposing such to be the character of the demand, independent of the statute mentioned, it is not entitled to any since the passage of that statute. The third section of the statute is broad enough to authorize the Court of Claims, in suits against the United States, to hear and determine demands of the government of every kind against the claimant, or those whom the claimant represents, whether liquidated or unliquidated, and to set off against the claim in suit the amount found in favor of the United States upon such hearing and determination.

There is nothing in the fact that the quartermaster, who acted as agent of the United States in the purchase of the wagons and oxen from the claimants, gave to them certificates of the correctness of their bills, which constitutes in any respect a waiver on the part of the United States of their right of priority of payment, or even looks in that direction.

DECREE AFFIRMED.