Drake, Ch. J.,
delivered the opinion of the court:
The single question is, whether the United States has a legal right to set off against the balance of the allowance in favor of Bailey the balance due on the judgment against Bailey, which McKee assigned to the United States. If that right exists, the claimant cannot recover; if it does not exist, he is entitled to recover the amount withheld by the Secretary of the Treasury.
By the third section of the act of March 3, 1863, re-organizing this court, (12 Stat. L., p. 765,) it is provided that this court shall “ have jurisdiction of all set-offs, counter-claims, claims for damages whether liquidated or unliquidated, or other demands whatsoever, on the part of the Government against any person making claim against the Government in said court; and upon the trial of any such cause it shall hear and determine such claim or demand both for and against the Government and claimant.”
In reference to this section the Supreme Court, in Allen v. United States, (17 Wall., 207,) said: “The third section of the statute is broad enough to authorize the Court of Claims, in suits against the United States, to hear and determine demands of the Government of every kind against the claimant, or those whom the claimant represents, whether liquidated or unliqui-dated, and to set off against the claim in suit the amount found *697 in favor of the United States upon such hearing and determination.”
Were this suit, therefore, in favor of William Bailey, there would be no doubt of the right of the Government to set off against the balance of the allowance in his favor the balance of that judgment. Is this right cut off by an assignment made by Bailey of his claim, of which no notice was given to the-United States before it acquired title to the judgment ¶ We think not. In Brashear v. West, (7 Pet., 608,) the Supreme Court held that a chose in action is assignable in equity, and that equity will protect and enforce the assignment; but that if subsequent to its being made, and before notice of it, any counter-claims be acquired by the debtor, they may unquestionably be sustained. This ruling is directly applicable to this case, for it is entirely clear that the Government had no notice of Bailey’s assignment to the claimant until after it had acquired title to the judgment against Bailey.
The fact that the doctrine laid down in that case was applied in a case in equity, does not impair its force here ; for that decision was under a system which did not admit of a suit at law by an assignee of a chose in action. But, as was held in Lawrence’s case, (8 C. Cls. R., 252,) an assignee of a claim may sue the United States in this court in his own name; and when he does so he stands in the same position as an assignee suing in his own name and right in a court of equity; and hence the Supreme Court’s doctrine is quite as applicable here as it would be there.
The set-off pleaded by the defendants is sustained, and the claimant’s petition dismissed.