# Richmond.

TIDEWATER QUARRY COMPANY V. SCOTT.

March 1, 1906.

Absent, Caldwell, J.

1. SET-OFFS—*What Constitutes a Liquidated Demand—Property Converted by Plaintiff.*—In an action at law for a liquidated demand, the defendant may set off the value of goods belonging to him which the plaintiff has converted to his use. The defendant has the right to sue in tort, or to treat the conversion as a sale, .and bring *indebitatus assumpsit* for the value. It is not necessary to constitute a valid set-off that a price should be agreed on for an article sold and delivered. If the damages do not lie in mere opinion, but can be readily ascertained by calculation or computation, they may be set off against a liquidated demand. The statute of set-offs is intended to lessen litigation, and is to be liberally construed to further that end.

2. BILL OF PARTICULARS—*Object—Sufficiency—Case at Bar.*—The object of the statement of particulars authorized by section 3249 of the Code is to facilitate an intelligent preparation of actions at law for trial and to prevent surprise at the trial. The statement is not the issue to be tried, and is not expected to possess the formality or precision of a formal pleading. It is sufficient if it fairly and plainly gives notice to the adverse party of the character of a cause of action or defense not adequately described in the notice, declaration, or other pleading. In the case at bar the statement of set-offs filed describes each item with particularity as property sold by the defendant to the plaintiff, affixes a value to each, and is a sufficient compliance with the statute.

Error to a judgment of the Law and Chancery Court of the city of Norfolk in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*R. Randolph Hicks,* for the plaintiff in error.

*Edward R. Baird, Jr.,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

Two questions are raised by this record: (1) Can a defendant in an action at law set off against a liquidated demand the value of goods belonging to the defendant, which have been converted by the plaintiff to his own use? and (2) If the value of such goods can be set off, are the items of offset so described in the statement of defense as to entitle the defendant to prove them?

The plaintiff, Scott, brought an action of assumpsit against the defendant quarry company to recover a sum alleged to be due on a note, and a balance due on open account.

The defendant filed a plea of non-assumpsit and a notice of set-off. The items of the account of offsets that are called in question were stated by the defendant in his account filed as follows:

| | | |
|---|---:|---:|
| 450 tons of crushed stone, sold to Charles E. Scott, at fifty cents per ton | $225 | 00 |
| 300 tons of crushed stone, sold to same, at fifteen cents per ton | 45 | 00 |
| Three barrels of grease and oil, sold to same. | 60 | 00 |
| Seven cases of dynamite, sold to same | 49 | 00 |
| One carload of coal, sold to same | 200 | 00 |

Upon the trial the defendant, to sustain these items of offset, introduced a witness to show that the goods mentioned

were upon the premises of the defendant company at the time the plaintiff took possession thereof under a lease; that the goods were worth in the aggregate $579.00; and that the plaintiff had taken possession of them, and converted them to his own use.   The plaintiff objected to the introduction of this evidence upon the ground that it tended to establish a claim for damages that could not be set off in this suit, and upon the further ground that it related to matters not sufficiently described in the statement of defense.

We are of opinion that it was error to sustain the objection on either of the grounds mentioned.

Section 3298, Va. Code 1904, provides that "In a suit for any debt, the defendant may, at the trial, prove and have allowed against such debt any payment or set-off which is so described in his plea, or in an account filed therewith, as to give the plaintiff notice of its nature, but not otherwise."

This court has held that this statute should be liberally construed, with a view to the furtherance of its obvious policy, which is to prevent a multiplicity of suits, and as far as conveniently can be done to effectuate in one action complete justice between the parties.   *Allen* v. *Hart,* 18 Gratt. 722, 729.

For the conversion of its property by the plaintiff, an action of tort to recover damages could have been brought by the defendant.   This mode of redress, however, the defendant had the right to waive, and to bring *indebitatus assumpsit* for the value of the goods.   The law will imply a contract to pay for property belonging to the defendant which has been taken possession of by the plaintiff and converted to his own use.

The plaintiff insists that the items of set-off which are sought to be established by the defendant constitute an unliquidated demand, which cannot be set off in an action at law against a liquidated demand.

It is well settled that uncertain, unliquidated damages cannot be set off to a demand certain. But what are uncertain, unliquidated damages?

In *Butt* v. *Collins,* 13 Wend. (N. Y.) 139, 156-7, it is said: "They are such as rest in opinion only, and must be ascertained by a jury, their verdict being regulated by the peculiar circumstances of each particular case; they are damages which cannot be ascertained by computation or calculation—as, for instance, damages for not using a farm in a workmanlike manner; for not building a house in a good and sufficient manner; on a warranty in the sale of a horse; for not skillfully amputating a limb; for carelessly upsetting a stage, by which a bone is broken; for not making repairs to a dwelling house; for unskillfully working the raw materials into a fabric; and other cases of like character, where the amount to be settled rests in the discretion, judgment or opinion of the jury. *Hewlet* v. *Strickland,* 1 Cowp. 56; *Freeman* v. *Hyatt,* 1 W. Black. 394; *Weigall* v. *Waters,* 6 T. R. 488; *Livingston* v. *Livingston,* 4 Johns Ch. (N .Y.) 287, 8 Am. Dec. 562; *Hepburn* v. *Hoag,* 6 Cow. (N. Y.) 613. In these and like cases, there is no data given for computation; nor can the damages be ascertained by any mode of calculation. It is otherwise as to the amount due on a note, or on a merchant's account, or for work, labor and services, or for a yard, a piece or a bale of flannel; the damages in such cases can be readily ascertained by calculation." Barbour on Set-Off, page 82.

In Waterman on Set-Off, section 286, it is said: "It is not necessary, in order to constitute a valid set-off, that a price should be agreed upon for an article sold and delivered. Therefore, a demand for the value of corn delivered may be set off, though the price of the corn had not been agreed on. The fact that the price had not been agreed on did not make it a case

of unliquidated damages, within the sense in which these terms have been used in expounding the English statutes. The defendants' demand was for money, the value of the corn. For its recovery *indebitatus assumpsit* could be maintained, and this furnishes a test in favor of its allowances as a set-off." *Smith & Crawford, Ex'ors.* v. *Huie, Admr.,* 14 Ala. 201; *Gunn* v. *Todd,* 21 Mo. 303, 64 Am. Dec. 281; *Norden* v. *Jones,* 33 Wis. 600, 14 Am. Rep. 782; *Raysdale* v. *Buford,* 3 Hayw. (Tenn.) 192; *Hill* v. *Perrott,* 3 Taunt. 274; *Allen* v. *U. S.,* 17 Wall. 207, 21 L. Ed. 553; Rob. Practice, vol. 5, p. 964-5; Wait on Actions & Defenses, pp. 482-484; Sedgwick on Damages, vol. 2, p. 368.

In the light of these authorities the defendant had the right to waive its action for damages against the plaintiff for his tortious act in converting the property of the defendant to his own use, and to bring *indebitatus assumpsit* for the value of the goods appropriated and, therefore, had the right to off set the plaintiff's demand with the value of such goods. Set-offs are to be encouraged; they lessen the amount of litigation by preventing circuity of action. There is no reason or propriety in driving these parties to cross-actions and to compel the claims to be settled in two suits, when full and equal justice can be awarded to each of them in one suit.

We are further of opinion that the contention that the defendant's demand is not stated with sufficient clearness in its statement of defense, cannot be sustained. The defendant, as it had a right to do, chose to treat the plaintiff as a purchaser of the property he had converted to his use and to sue for its value. Each item is described with particularity as property sold to the plaintiff, and the form and substance of this statement of defense could not fail to furnish the plaintiff with adequate notice of the defense that would be made on the trial.

The object of the statute (section 3249 of the Code) was simply to give the plaintiff more particular information of the ground of defense than is generally disclosed by a plea, so as to enable the parties to prepare more intelligently for the trial, and to prevent surprises which may and often do result in injustice. But such statement does not constitute the issue to be tried, and it was not intended that the particulars of the claim, or the ground of defense, should be set forth with the formality or precision of a declaration or plea, but only in such manner, however informal, as would fairly and plainly give notice to the adverse party of its character when the same was not so described in the notice, declaration or other pleading. *Columbia Accident Asso.* v. *Rockey,* 93 Va. 678, 25 S. E. 1009.

For these reasons the judgment complained of must be reversed, and the case remanded for a new trial in conformity with the views expressed in this opinion.

*Reversed.*