# Richmond.

## Colby v. Reams.

### March 11, 1909.

1. Bills of Exception—*Unsigned Bill.*—The evidence given on the trial of an action at law is no part of the record unless made so by a proper bill of exception, and a bill not signed by the judge who presided at the trial is not properly authenticated and hence is not a bill of exception.

2. Pleading—*Trial Without Issue—Case at Bar—Estoppel.*—As a general rule no judgment can be given upon a verdict rendered as upon the trial of an issue when no issue has been joined. Issue must first be joined on the pleadings. In the case at bar, no plea was filed. An order was made for the defendant to file a statement of his grounds of defense but it was not complied with, and the trial proceeded as if issue had been joined. The plaintiff objected to the introduction of evidence by the defendant controverting his claim, but his objection was overruled. The plaintiff did all that he could to present the defect to the trial court, and hence is not estopped to rely upon the objection in this court.

3. Pleading—*Bill of Particulars—Failure to Furnish—Code, Section 3294.*—If a defendant in an action of trespass on the case who has pleaded the general issue of "not guilty" fails to comply with an order requiring him to specify his grounds of defense, he should not be allowed to introduce any evidence controverting the plaintiff's claim, as his plea gives no notice thereof. The object of section 3249 of the Code is to give the adverse party full notice of the character of the plaintiff's claim, or the defendant's defense.

4. Evidence—*Impeachment of Witness—Introduction of Part of a Paper—Exclusion of Other Parts in Rebuttal.*—Where a portion of a defendant's answer in a chancery suit is introduced on his cross-examination as a party to an action at law for the purpose of impeaching him, by showing a prior inconsistent statement

about the same matter, he cannot, on re-direct examination, put in evidence the whole answer, but only so much thereof as relates in some way to the statement proved.

Error to a judgment of the Circuit Court of Powhatan county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*David Meade White* and *W. D. Gray,* for the plaintiff in error.

*W. M. Justis, Jr.,* for the defendant in error.

Harrison, J., delivered the opinion of the court.

The declaration in this case avers that the defendant wrongfully manufactured into lumber and disposed of certain trees and logs belonging to the plaintiff, and committed other acts of trespass on his premises. This action of trespass on the case was brought to recover of the defendant the damages claimed to have been sustained by reason of these alleged unlawful acts. There was a verdict and judgment for the defendant, which is now before us for review.

Bill of exception No. 9, which was intended to make the evidence a part of the record, is not signed by the judge of the circuit court. The evidence is not a part of the record unless made so by a proper bill of exceptions. It is not a bill of exception, and fails of its purpose, unless it is authenticated by the signature of the judge presiding at the trial. Code, sec. 3385. *Blackwood Coal Co. v. James,* 107 Va. 656, 60 S. E. 90, 1 Va. App. 732.

In this situation of the record there are but two assignments of error that we need notice.

The record fails to show that the defendant entered any plea

in this case; and it shows that at the April term, 1907, the court, on motion of the plaintiff, entered an order requiring the defendant to file a statement of his grounds of defense on or before ten days prior to the next succeeding term. This order was not obeyed, no statement of the grounds of defense being filed at any time. Bill of exception No. 3 shows that, at the trial, when the defendant offered to introduce his evidence, the plaintiff objected to its introduction because the order of the court requiring the grounds of defense to be filed had not been complied with. The court overruled this objection, and permitted the defendant to introduce his evidence, as stated, under the general issue.

This was error. The general rule applying to all actions will not sustain a judgment given upon a verdict rendered as upon the trial of an issue when no issue has been joined. Issue must first be joined on the pleadings. *Preston* v. *Salem Imp. Co.,* 91 Va. 583, 22 S. E. 486.

A state of facts might, however, arise upon which the plaintiff would be estopped to object in this court, for the first time, that there had been no formal joinder of issue upon the pleadings. See *Deatrick* v. *Ins. Co.,* 107 Va. 602, 59 S. E. 489, 1 Va. App. 670. But no such conditions exist in the case at bar, which is governed by the general rule already mentioned. Here the plaintiff did all that he could do. He demanded a statement of the grounds of defense relied on by the defendant, and the court entered an order requiring such a statement to be filed on or before ten days prior to the next succeeding term of the court. This order the defendant did not comply with, and when the plaintiff, for that reason, objected to the introduction of any evidence by the defendant, he was told that the evidence might be introduced under the general issue, when no plea of the general issue had been entered of record. If, however, the general issue had been pleaded, the defendant could not have introduced his evidence under it. That plea,

in this case, would have been "not guilty," which would have given the plaintiff no notice of the character of the defense.

Section 3249 of the Code provides that, when a statement of the grounds of defense is ordered, and the order is not complied with, the court may, at the trial, exclude evidence of any matter not described in the pleading so plainly as to give the adverse party notice of its character. The object of this section is to give the adverse party full notice of the character of the plaintiff's claim or the defendant's defense. *Columbia Accident Ass. v. Rockey,* 93 Va. 678, 25 S. E. 1009; *Richmond v. Leaker,* 99 Va. 7, 37 S. E. 348; *Tidewater, &c. Co. v. Scott,* 105 Va. 165, 52 S. E. 835, 115 Am. St. Rep. 864.

In the case at bar, the plaintiff was furnished with no notice, and under the terms of the statute the defendant's evidence should have been excluded.

Bill of exceptions No. 4 shows that at the trial the defendant, in his direct examination, testified that certain logs and felled trees, the subject of controversy, were worth only $75.00. On cross-examination, for the purpose of impeaching him and showing that he had made a different statement under oath about the same matter, the plaintiff read to the defendant, who was testifying in his own behalf, a portion of his answer in a certain chancery suit, and asked him to explain it. On his re-direct examination, the defendant was permitted, over the objection of the plaintiff, to introduce in evidence the whole of said answer. No part of the answer in question was admissible on the re-direct examination of the defendant except that which related to the value of the logs and felled trees in controversy.

The law is stated in Greenleaf on Ev. (15th ed.), Vol. 1, sec. 467, as follows: "Proof of a detached statement, made by a witness at a former time, does not authorize proof, by the party calling that witness, of all that he said at the same time, but only of so much as can be in some way connected with the statement proved. Therefore, where a witness has been cross-examined as to what the plaintiff said in a particular conversa-

tion, it was held that he could not be re-examined as to the other assertions, made by the plaintiff in the same conversation, but not connected with the assertions to which the cross-examination related, although the assertions as to which it was proposed to re-examine him were connected with the subject matter of the suit."

The whole of the defendant's answer in the chancery suit is not before us, and, therefore, we are unable to say whether or not it all related to the value of the logs and felled trees in controversy. If, however, the question should arise on another trial, what has been said will be a guide to its proper solution.

The judgment complained of must be reversed, the verdict of the jury set aside, and a new trial granted.

*Reversed.*