Staunton.

## CLINCHFIELD COAL CORPORATION V. HAYTER.

September 22, 1921.

1. APPEAL AND ERROR—*Conflicting Evidence—Rule as to Reversal.*—In an action for damages for cutting and injuring trees, defendant denied cutting any trees, and while admitting the branding of a number of trees denied that any injury resulted from the branding. There was a sharp conflict in the evidence on this point, and also as to the value of the trees alleged to have been cut.

    *Held:* That, while the decided preponderance of the evidence appeared from the record to be with the defendant as to the damages sustained by the plaintiff, the Supreme Court of Appeals could not interfere with the verdict and judgment of the trial court, as it was the province of the jury to weigh the evidence on these subjects and under the circumstances it cannot be said that the verdict was without evidence to sustain it, or is so plainly contrary to the evidence that the Supreme Court of Appeals ought to interfere.

2. APPEAL AND ERROR—*Final Judgments and Decrees—Petition Showing Judgment to be a Final Judgment.*—A petition for a writ of error spoke of the judgment as a *certain* judgment, rendered at a certain time in favor of plaintiff against defendant, instead of a final judgment. By reference to the record it appeared that the only judgment entered by the court at that time in favor of the plaintiff against the defendant was in fact a final judgment.

    *Held:* That there was no merit in a motion to dismiss the writ of error on the ground that the petition did not show that the judgment complained of was a final judgment.

3. BILL OF PARTICULARS—*Time of Filing—Discretion of Trial Court—Appeal and Error—Reversal—Section 6331, Code of 1919.*—On motion of defendant, plaintiff was required to file a bill of particulars. The case was a proper one for a bill of particulars, but the order of the court was not complied with. At the trial the court, over the objection of defendant, permitted plaintiff to file the bill of particulars. Defendant was not, and could not have been, injured by permitting the bill of particulars to be filed at the time at which it was filed.

*Held:* That some discretion must be left to the trial courts in matters of this kind, and where it can be seen from the record that no injury could have resulted to the defendant from the failure to file the bill of particulars earlier, the ruling of the lower court will not be set aside. Moreover, in view of section 6331 of the Code of 1919, in regard to reversals by the Supreme Court of Appeals, a reversal would not have been warranted on this point.

4. DOCUMENTARY EVIDENCE—*Maps—Verification.*—It is not necessary that the correctness of a map or drawing should be shown by the person who made it. That fact may be shown by any competent witness who knows it. The map or drawing does not prove itself by mere production, but any witness who knows the object represented may testify that the map, or drawing, correctly represents his idea of such object, and when he has so testified, the map or drawing may be received in evidence. Witnesses often make drawings while testifying to illustrate the relative location of objects, and this is always permissible.

5. TREES AND TIMBER—*Action for Cutting and Injuring Trees—Title of Plaintiff.*—Where plaintiff, in an action for cutting and damaging trees, showed a common title in the immediate grantors of the plaintiff and defendant, respectively, and that the plaintiff's deed, which was duly recorded, was prior in point of time to that of the defendant, this was a sufficient showing of true title in the plaintiff to entitle him to recover.

6. DAMAGES—*Duty of Minimizing Damages—Knowledge of Effect of Injury.*—The duty of a plaintiff to minimize his consequential damages resulting from the wrongful act of the defendant is not arbitrarily imposed in all cases, but only where it is reasonable and can be performed at trifling expense, or with reasonable exertion. And there can be no such duty where the injured party does not know and is not chargeable with notice that consequential damages are likely to ensue from the wrongful act.

7. NEW TRIALS—*Excessive Damages—Case at Bar.*—In the instant case, an action for damages for cutting and injuring trees, the trial court did not err in refusing to set aside a verdict for plaintiff for $400 as excessive, where defendant admitted branding 135 trees on plaintiff's land by mistake, and there was conflict in the evidence as to the amount of the resulting damages, and the value of the trees cut and removed.

8. TREES AND TIMBER—*Trespass—Branding Trees on Another's Land.*—Where defendant, in an action for cutting and injuring trees, admitted branding 135 trees on plaintiff's land by mis-

take, this admission entitled plaintiff to a judgment for some
amount, as it was a trespass on the plaintiff's land.

9. WITNESSES—*Credibility—Question of Fact.*—The credibility of
witnesses is a question for the jury.

Error to a judgment of the Circuit Court of Russell
county in an action of trespass on the case. Judgment for
plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Morison, Morison & Robertson, Burns & Kidd* and *Jno.
W. Flanagan, Jr.,* for the plaintiff in error.

*M. M. Long* and *S. H. & Geo. C. Sutherland,* for defend-
ant in error.

BURKS, J., delivered the opinion of the court.

[1] The plaintiff (Hayter) claims that the defendant cut
and removed from the former's land eighteen trees and
branded 135 trees, seriously injuring them. The defendant
admitted branding the 135 trees on plaintiff's land, but de-
nied that any injury resulted from the branding, and also
denied that any trees were cut on the plaintiff's land. There
was a sharp conflict between the evidence for the plaintiff
and that for the defendant on the matters denied by the de-
fendant. There was also a sharp conflict between the testi-
mony for the two parties as to the value of the trees alleged
to have been cut. The plaintiff and one or more of his wit-
nesses testified that the trees cut were worth $10 apiece. The
testimony for the defendant was that these trees were not
worth more than from $1.20 to $1.50 apiece. The testimony
for the plaintiff was to the effect that the trees had been se-
riously injured by the branding and that at least eight of

90

them had died prior to the institution of this action. The testimony for the defendant was to the effect that the branding did the trees no harm, and that they were worth just as much after the branding as before. The jury found a verdict for the plaintiff and assessed his damages at $400.00. There was a motion to set aside the verdict as contrary to the evidence which the trial court overruled, and entered up judgment for the plaintiff for the amount of the verdict. While the decided preponderance of the evidence appears from the record to be with the defendant as to the damages sustained by the plaintiff, it is plain from the above statement of facts that this court cannot interfere with the verdict and judgment of the trial court. It was the province of the jury to weigh the evidence on these subjects and under the circumstances it cannot be said that the verdict was without evidence to sustain it, or is so plainly contrary to the evidence that this court ought to interfere. *W. S. Forbes & Co.* v. *Southern Cotton Oil Co.*, *ante,* p. 245, 108 S. E. 15.

[2] A motion was made to dismiss the writ of error on the ground that the petition did not show that the judgment complained of was a final judgment. The petition speaks of the judgment complained of as a *certain* judgment rendered by the Circuit Court of Russell county at its September term, 1919, for $400.00 in favor of C. M. Hayter against the petitioner. The ground of the motion appears to be that the petitioner speaks of the judgment as a *certain* judgment instead of a final judgment. Turning to the record we find that the only judgment entered by the court at that time in favor of the plaintiff against the defendant was in fact a final judgment. The motion to dismiss is wholly without merit.

[3] The first error assigned by the plaintiff in error is the action of the trial court in allowing the plaintiff to file a bill of particulars at the time at which it was filed. On

motion of the defendant the plaintiff was required to file a bill of particulars by an order made December 19, 1916. It was a proper case to have required a bill of particulars, and the order of the court was not complied with. At the September term, 1919, both parties announced themselves ready for trial and the trial was begun. Nothing was said at that time about the failure to file the bill of particulars, but after the plaintiff had gone on the stand and had testified at some length in his own behalf, he offered in evidence on his own behalf several letters written him by the local land agent of the defendant with reference to the controversy, in one of which it was admitted that the defendant had branded 135 white oak trees on the plaintiff's land, but denied that the branding had done the timber any harm and also denied that any trees had been cut on the plaintiff's land by the defendant. At this stage the defendant objected to any testimony "with reference to damage alleged to have been suffered by reason of the branding of said 135 trees because no bill of particulars had been filed, and that the defendant could not at that date prepare its defense to the issues raised by the bill of particulars if it were permitted to be filed." No motion was made to postpone the hearing, or to continue the case. Looking at the case restrospectively, it seems plain that the defendant was not taken by surprise, and that he was full-handed with proof on the items of controversy set forth in the bill of particulars. It had its witnesses present to testify as to the boundaries of the land and a number of witnesses to testify as to the value of the trees cut and removed and the injury to the 135 trees that were branded, and there is no suggestion now that any injury resulted to the defendant from allowing the plaintiff to file the bill of particulars at the time at which it was filed. The sole ground of complaint is that the statute permitting the defendant to call for a bill of particulars was not complied

with.    We are satisfied from the record that the defendant was not, and could not have been injured by permitting the bill of particulars to be filed at the time at which it was filed.    It is said in the brief for the defendant in error that the bill of particulars had in fact been filed long, before and was found among the papers in the case, but there is no evidence of this fact in the record.    The bill should have been filed in accordance with the order of the court, but when it was found that the orders did not show the filing it was necessary for the trial court to determine what should be done.    Some discretion must be left to the trial courts in matters of this kind and where, as here, it can be seen from the record that no injury could have resulted to the defendant from the failure to file the bill of particu- lars earlier, this court will not set aside its ruling.    We are not unmindful of former rulings of this court on the subject of bills of particulars, a number of which are re- ferred to in Burks' Pleading and Practice, sec. 318, and *Colby* v. *Ream,* 109 Va. 308, 63 S. E. 1009, referred to by the plaintiff in error, but the facts of this case are easily distinguishable from prior cases.    Furthermore, we are satisfied that the plaintiff in error is not entitled to a re- versal on this point in view of the provisions of section 6331 of the Code.

The second assignment of error is to the action of the trial court in admitting in evidence a certain plat and blue print and certain drawings over the objection of the de- fendant, and in overruling the defendant's motion to strike the same from the evidence.    Plaintiff and defendant claimed under a common grantor but the plaintiff held the older deed and hence the superior title to the land within his boundaries, but there was a dispute between them. as to the true location of the beginning corner of the plaintiff's title and the next succeeding corner, and the plaintiff also claimed that the defendant had ignored some of the calls

of his deed at another point, and had thereby cut off a triangle of his land upon which were fifteen of the trees which had been cut and removed by the defendant. In order to give the jury a clearer view of the situation and of the location of the calls in his deed, the plaintiff, while testifying in his own behalf, produced and offered in evidence a plat and blue print and certain drawings of his tract and proceeded to point out thereon the location of the beginning point and other disputed calls of the deed under which he claimed title, which deeds had been previously introduced in evidence. The defendant strenuously objected to the reception in evidence of the plat and blue print and the drawings on the ground that their correctness had not been established, but the court overruled the objection and admitted them, and this ruling is assigned as error.

The plat and blue print had been made by a surveyor, Thacker, in 1910, three years before the present controversy arose. Thacker was not examined as a witness in the case, but the plaintiff testifies that the map was correct "according to the records" and he thought was correct, though he admitted on cross-examination that he did not see Thacker make the map, was not present when he located the lines on the map, he was not a surveyor, and did not know how to use a compass. As to his own drawings the plaintiff further testified that he made the drawings aforesaid, and copied them from the Thacker map, and time and again testified that his drawings were correct (although he did not run the lines nor locate them with a compass) and truly represented the location of the points in dispute. With his own title deeds before him and also the deed under which the defendant claims, and reading the calls of his deeds he pointed out the location on the drawings of each of the disputed calls and also of the triangle cut off by the omission of certain calls in his deed. The drawings made by himself enabled him to give a more graphic description of the disputed points than he could have done by mere oral statements. There is no dispute

about the fact that the plaintiff made the drawings himself, and testified as to their correctness. If they were in fact correct representations of the *locus in quo*, it is immaterial from what source the plaintiff derived his information upon which they were based, and they were properly received in evidence; and if the drawings were mere tracings of the Thacker map and were properly received in evidence, the defendant could not have been injured by admitting in evidence the Thacker map and blue print, even if not otherwise shown to be correct. If the drawings were correct representations of the *locus in quo*, the map was necessarily so.

[4] It is not necessary that the correctness of a map or drawing should be shown by the person who made it. That fact may be shown by any competent witness who knows it. The map or drawing does not prove itself by mere production, but any witness who knows the object represented may testify that the map or drawing correctly represents his idea of such object, and when he has so testified the map or drawing may be received in evidence. Witnesses often make drawings while testifying to illustrate the relative location of objects and this is always permissible. It is simply the testimony of the witness in graphic form. 1 Greenl. Ev. (16th ed.), sections 439d, 439g, 439h; 17 Cyc. 412, and cases cited.

[5-6] The next error assigned is the action of the trial court in giving certain instructions of its own motion. The court gave several instructions at the instance of the plaintiff and of the defendant, respectively, and also four instructions of its own motion. The latter we have examined carefully and think that they are free from the objections alleged. The plaintiff in error objects to these instructions on one or the other of two grounds. It is said that one of the

instructions allowed the plaintiff to recover if his deeds covered the land on which the trees cut or injured stood, and did not require the plaintiff to show true title to the land. The plaintiff showed a common title in the immediate grantors of the plaintiff and defendant, respectively, and that the plaintiff's deed, which was duly recorded, was prior in point of time to that of the defendant. This was a sufficient showing· of true title in the plaintiff to entitle him to recover. The objection made to three of the instructions given by the court of its own motion involves the subject of the duty of an injured party to minimize the consequential damages resulting from the tort of another. This question of the duty of the plaintiff to minimize his damages is raised in several of the assignments of error, and will be finally disposed of here. In brief, the contention of the defendant is that it was the duty of the plaintiff to sell his trees which had been branded soon after they were branded and before the worms got into them and injured them, and if he did not promptly put them on the market, and the damage resulted from such failure and delay, he could not recover. It is unnecessary to enter upon a discussion of when it is necessary for a plaintiff to minimize his consequential damages resulting from the wrongful act of a defendant. The duty is not arbitrarily imposed on the injured party in all cases, but only where it is a reasonable duty, and can be performed at trifling expense, or with reasonable exertion. *Stonega Coal Co.* v. *Addington*, 112 Va. 807, 73 S. E. 257, 37 L. R. A. (N. S.) 969. But there can be no such duty where the injured party does not know and is not chargeable with notice that consequential damages are likely to ensue from the wrongful act. Hayter had no knowledge of the effect of branding trees, and was assured by the defendant shortly after the branding that the branding would not hurt them, and at the trial produced a number of witnesses who testified on his behalf that brand-

ing would not injuriously affect trees, and in this case had not done so. Under such circumstances it could not have been the duty of Hayter to hasten the sale of his trees, in order to avoid a damage which was not to be anticipated, even if such duty were imposed under other circumstances.

It is assigned as error that the court modified two of the instructions offered by the defendant and refused to give them except as modified. The error, if any, is not pointed out; but even if adequately assigned, no error was committed in making the change. The modification was slight and simply applied the instructions to the evidence in the case.

The refusal of the trial court to give certain instructions tendered by the defendant relating to the duty of the plaintiff to minimize his damages constitutes the sixth assignment of error. This has already been sufficiently dealt with.

[7-9] The seventh assignment of error is that the trial court erred in refusing to set aside the verdict because excessive and also contrary to the law and the evidence. The defendant admitted branding 135 trees on the plaintiff's land by mistake. This alone entitled the plaintiff to a judgment for some amount, as it was a trespass on the plaintiff's land. 26 R. C. L. p. 762, sec. 10. There was conflict as to the amount of the resulting damages. There was also conflict as to the value of the trees cut and removed. As the case appears in cold print, we could not, if on the jury, have found so large an amount, but this court cannot discredit the statements of the witnesses as to the value which the jury have believed. The credibility of the witnesses was a question for the jury and with its finding we cannot interfere.

The judgment of the trial court will be affirmed.

*Affirmed.*