# Staunton

SHENANDOAH RIVER LODGE, A CORPORATION v. I. R. DOVEL.

September 5, 1951.

Record No. 3802.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Donald S. Caruthers,* for the plaintiff in error.

*Joshua L. Robinson,* for the defendant in error.

MILLER, J., delivered the opinion of the court.

The Shenandoah River Lodge, Incorporated, defendant in the trial court and here so designated, was chartered in the year 1946. There were three incorporators, Theodore Hubers, who served as president, I. R. Dovel and another. All of the stock of the company was issued in equal proportions to these three incorporators.

I. R. Dovel, who will be hereinafter referred to as plaintiff, served as secretary of the company from the date of its incorporation until sometime in the year 1948. During August, 1948, which was after he had relinquished his office as secretary, he instituted this action against the company to recover the sum of $2,119.39. In the notice of motion for judgment, the sum sued for is alleged to be due "by open account." It is made up of four items described as temporary loans or advances to or for the benefit of the corporation. Three of these sums are alleged to be due as of specified dates, namely, $300, March 15, 1947; $750, March 22, 1947, and $800 February 14, 1947. The fourth item of $269.39 is undated but described as owing to him by virtue of an erroneous credit having been given to the corporation by one C. B. Munson who was personally indebted to plaintiff instead of defendant.

On March 3, 1949, an order was entered by the court which directed the corporation to file a statement of its grounds of defense on or before March 22, 1949, (Code sec. 8-111, 1950; Code, 1942, sec. 6091). That order was not complied with and

the case was set for trial. However, the trial was put off from time to time and one, if not two, of the continuances was granted on motion of defendant.

On January 3, 1950, the corporation's then counsel withdrew from the case and its present attorney was employed, and the case set for trial on February 18, 1950.

The reason why the attorney who first represented the defendant ceased to act or why he did not file grounds of defense as directed by the order of March 3, 1949, does not appear from the record.

On January 18, 1950, defendant filed a plea in abatement in the clerk's office, which he contends was sufficient to stay and abate the action at law. This plea was not tendered until after defendant had requested and secured a continuance of the case. Thus offered after a general appearance had been made,[1] it is without merit (*Lane Bros.* v. *Bauserman,* 103 Va. 146, 48 S. E. 857, 106 Am. St. Rep. 872; Burks Pleading and Practice, 3rd Ed., sec. 51, p. 107.) unless it meets the requirements of and is really a plea *puis darrien* continuance and so pleadable after general appearance or plea to the merits. Burks Pleading and Practice, 3rd Ed., sec. 306, p. 570; 1 M. J., "Abatement", Etc., sec. 21, p. 20; 1 Am. Jur., "Abatement and Revival" secs. 73-4, pp. 66-7; Tucker's Principles of Pleading, pp. 87-8.

The plea alleged that plaintiff had been an incorporator and officer of the company and had received funds as such but "failed and refused to render an accounting of the monies received and disbursed by him for and on behalf of the incorporators and the said corporation," and that an audit of defendant's accounts was necessary to determine how their account stood. It is further alleged that plaintiff was in possession of and refused to deliver to the corporation certain records showing its financial transactions with him and that a chancery suit had been that day, i. e., January 18, 1950, filed by the corporation against plaintiff, the purpose of which was to obtain "an accounting of all the funds of the corporation received and disbursed by him as an incorporator and as an officer of said corporation." The plea prayed that the action at law "be abated pending a final determination" of the chancery cause.

On the morning of February 18, 1950, at the instance of plaintiff, the court overruled and dismissed the plea in abatement.

[1] Rule of Court 3:6, effective February 1, 1950, was not applicable in this action.

It also refused to allow the company to file any grounds of defense or offer any evidence in refutation of plaintiff's claim.

The suit in equity upon which the plea in abatement was based was not begun until February 18, 1950, but the factual matter alleged in the suit and set up in the plea existed and was known to defendant at the time of the institution of the common law action. In our opinion, there is no merit in the plea. It rests upon and is sought to be justified by the equity suit which was not filed until eighteen months after the common law action. In short, institution of the equity suit and the filing of the plea in abatement in the action at law was a delayed attempt to stay, bypass and void the common law action by the subsequent equity suit, and we think the court properly rejected and dismissed the plea. 1 M. J., "Abatement", etc., sec. 4, p. 5; 1 C. J. S., "Abatement and Revival", sec. 17, p. 50, and sec. 33, p. 58.

Defendant's motion to be allowed to file grounds of defense which was denied by the court was not made until immediately after the plea in abatement had been overruled on the morning of February 18, 1950. That was the day on which the case had been set for trial, and almost eleven months subsequent to the last day on which the grounds of defense could have been filed under the previous order of the court. No good cause is disclosed for failure to comply with the order of March 3, 1949, and we find no error in the ruling of the court. (Code, 1950, sec. 8-111, (Code of 1942, sec. 6091.)

With no plea or grounds of defense filed to the claims asserted in the notice of motion, the corporation was refused the right to offer evidence to refute the alleged indebtedness. In view of the status of the pleadings, we think this was justified. *Colby* v. *Reams*, 109 Va. 308, 63 S. E. 1009.

Neither party demanded a jury and the evidence on behalf of plaintiff was heard by the judge, and all matters of law and fact submitted to the court for determination. No documentary evidence was produced to prove any of the items claimed, nor were any books of the company offered in evidence to establish the indebtedness or any part thereof. The only evidence offered of any probative value concerning the items of $300, $750 and $269.39 was the testimony of plaintiff. Yet his testimony concerning these three items was so contradictory and unsatisfactory that the trial judge denied recovery upon them. Plaintiff was, however, corroborated by one witness as to the alleged

indebtedness of $800, which sum he said he advanced the corporation to be used by it to meet payroll expenses. A bookkeeper of the company acknowledged receipt from him of that sum and said that it was used to defray corporate obligations and had not been repaid to him.

On March 30, 1948, a week or more subsequent to the dates on which plaintiff claimed in his notice of motion and in his testimony that the corporation was indebted to him in the four items sued for, he wrote a letter to the president of the company in which he offered to sell his stock in the company for $5,100. He also mentioned the $800 item of indebtedness and after asserting that claim and offering to dispose of his stock for $5,100, he made the following statement: "In addition to that figure, I have $491.00 in it, which makes a total of $5,591.00." The court concluded that the corporation was indebted to him for the $800 item and on the strength of the letter of March 30, 1948, also allowed the sum of $491 and rendered judgment for $1,291.00. That these two items and no others made up the total judgment is clearly disclosed in the trial court's statement made at the conclusion of the case.

No cross-error is assigned because of disallowance of the items of $300, $700, and $269.39, and we need concern ourselves no further with them. The evidence is sufficient to sustain a judgment for the item of $800. However, the sum of $491 is not mentioned in the motion for judgment and is not sued for as an item in the open account. Plaintiff's testimony concerning it is unsatisfactory and insufficient because he is unable to say why or for what it is owing to him.

The material parts of his testimony concerning that sum follow:

"Q. The figure of $5,100.00 has to do with stock and the $491.00 has to do with what?

"A. I don't know what the figure could be.

\* \* \* \* \* \*

"Q. The figure of $491.00 is rather an exact figure. You would not have picked it out of thin air?

"A. I don't know. I don't think I would either. I just don't know what that figure represents.

"Q. So then you can't recall where you got that figure, sir?

"A. I don't know.

\* \* \* \* \* \*

"Q. Mr. Dovel, you say you have no recollection where you got the figure $491.00 from?

"A. I have none.

\* \* \* \* \* \*

"By the Court:

"Q. In connection with the letter that was written about putting a price on your stock of $5,000.00 odd dollars, what was the figure of $491.00? \* \* \*.

"A. I don't remember what it was your Honor. I submitted any number of figures on the sale of stock and I just don't remember what I had in mind when I gave that figure."

■ At the time this indebtedness was alleged to have been incurred, plaintiff, as secretary of the company, occupied a fiduciary relation. It was incumbent upon him to establish its indebtedness to him by clear and satisfactory proof. In *Saunders* v. *Russell,* 173 Va. 125, 3 S. E. (2d) 193, we said:

"The validity of the claim of Miss Saunders stands upon her testimony alone. She is not corroborated by the testimony of any independent witness nor are there any circumstances pointing to the truth of her testimony. In her position as secretary and treasurer she was obligated to act with the utmost good faith. She was a fiduciary. The burden of proof rested upon her to show clearly that the loans were either authorized by the corporation or that it actually received them." (173 Va. at p. 131.)

■ Plaintiff's testimony falls short of proving that the corporation ever authorized this loan or advance of $491 to be made to it by him or that it ever received the benefit of that sum. The judgment is therefore reversed as to the item of $491, and affirmed in the sum of $800 and costs.

*Affirmed in part; reversed in part.*