530 F.2d 1072
 174 U.S.App.D.C. 220
 BUILDERS EQUITY CORPORATION, a corporation, et al.
v.
George H. HURWITZ, Appellant,
FREDERICK W. BERENS, INC., and Denzil O. Nichols,
Third-Party Defendants.
BUILDERS EQUITY CORPORATION, a corporation, et al.
v.
George H. HURWITZ, Appellant,
Frederick W. Berens, Inc., and Denzil O. Nichols.
BUILDERS EQUITY CORPORATION, a corporation, et al., Appellants,
v.
George H. HURWITZ,
Frederick W. Berens, Inc., and Denzil O. Nichols.
 Nos. 75--1559, 75--1734 and 75--1737.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Jan. 23, 1976.
Decided Feb. 17, 1976.
As Amended Feb. 26, 1976.
Rehearing Denied March 18, 1976.
 
 Nathan L. Silberberg, Washington, D.C., with whom Howard B. Silberberg, Washington, D.C., was on the brief for appellant in Nos. 75--1559 and 75--1734, and appellee in No. 75--1737.
 Michael Nussbaum, Washington, D.C., with whom Lucien Hilmer and Ronald G. Precup, Washington, D.C., were on the brief for appellants in No. 75--1737 and appellees Builders Equity Corp., and others, in Nos. 75--1559 and 75--1734.
 Irving B. Yochelson, Washington, D.C., submitted on the brief for appellees Frederick W. Berens, Inc. and Denzil O. Nichols.
 Before MacKINNON and ROBB, Circuit Judges, and BRODERICK,* United States District Judge for the Eastern District of Pennsylvania.
 MacKINNON, Circuit Judge:
 
 
 1
 The facts here are essentially undisputed. George H. Hurwitz, a real estate developer of more than twenty years' experience (J.A. 60), and Builders Equity Corporation, a straw corporation, negotiated over the sale of certain undeveloped land in Alexandria, Virginia. The company held the legal title for Howard A. Weiss, the beneficial owner (J.A. 61), so that the corporation could get a loan on the property at an interest rate in excess of that permitted by state law for loans to individuals. Hurwitz conducted his negotiations for the sale of the property through Denzil O. Nichols, an officer of Berens, Inc., a company that was about to foreclose on a $600,000 first-trust obligation it held on the land (J.A. 60--61). Although Hurwitz submitted two offers between October 1970 and early January 1971, a contract to sell the property was entered into on January 9, 1971 with another buyer, Inland Steel Development Corp.
 
 
 2
 Hurwitz then brought a suit for specific performance against Builders Equity in the Alexandria Corporation Court on January 13, 1971, alleging that a contract of sale had already been formed with him. At the same time he filed a Memorandum of Lis Pendens in the land records. With litigation pending over the land, Inland Steel was unwilling to go to settlement and the sale fell through. On June 22, 1971, the Corporation Court, sitting without a jury, ruled that Hurwitz had no contract.[1] Hurwitz then filed a Petition for Writ of Appeal to the Supreme Court of Appeals of Virginia, which on November 2, 1971 did 'refuse said appeal, the effect of which is to affirm the decree of the said Corporation Court.' But the lis pendens had remained in effect during the pendency of the petition for appeal. Two weeks after Hurwitz's petition for appeal was rejected, Builders Equity sold the property, receiving less than Inland Steel Development had agreed to pay in January, 1971.
 
 
 3
 Feeling that Hurwitz had brought his Virginia action for the sole purpose of forcing a sale to him by creating a cloud on the title and thereby preventing a sale to others, Builders Equity brought a diversity suit[2] in the United States District Court for the District of Columbia for slander of title, malicious abuse of process, and malicious prosecution. The first two counts were ultimately dismissed, but the trial judge held for the plaintiffs on the third, finding that Hurwitz knew from the outset that he had no contract (J.A. 64--67). The trial court awarded plaintiffs $121,838.57 in compensatory damages and $100 in punitive damages (J.A. 76, as amended by order of the trial court filed Oct. 10, 1975), and also dismissed Hurwitz's third party complaint against Nichols and Berens, Inc. (J.A. 75--76). Both Hurwitz and the plaintiffs now appeal, Hurwitz seeking reversal and the plaintiffs seeking greater punitive damages and prejudgment interest. In addition, Hurwitz also appeals dismissal of the third party complaint.
 
 
 4
 Although numerous issues are raised for our consideration on appeal, we find only one to be worthy of discussion. We therefore affirm the trial court on all points except the disallowance of prejudgment interest.
 
 
 5
 The district judge recognized that under 2 Code of Virginia § 8--223 (Cumm.Supp.1974),[3] a trial court in the absence of a jury may in its discretion allow prejudgment interest on the amount of tort damages (J.A. 81--82). See Doyle & Russell, Inc. v. Welch Pile Driving Corp., 213 Va. 698, 194 S.E.2d 719, 723 (1973); City of Danville v. Chesapeake & Ohio Ry., 34 F.Supp. 620, 636 (W.D.Va.1940). However, the court denied any prejudgment interest on the damages in this case for the following stated reasons:
 
 
 6
 In the present situation the damages were not liquidated and the court has determined that prejudgment interest is not necessary to make plaintiffs whole. City of Danville v. Chesapeake & O. Ry. Co., 34 F.Supp. 620, 637 (W.D.Va.1940).
 
 
 7
 (J.A. 82). We are unable to agree that either point is a valid reason for denying plaintiffs prejudgment interest.
 
 
 8
 First, the Virginia statute has been held to permit prejudgment interest on unliquidated claims. Thus, in Beale v. King, 204 Va. 443, 132 S.E.2d 476, 480 (1963), the Virginia Supreme Court of Appeals said:
 
 
 9
 The fact that the provisions of the statute are to be applied in a tort action, which is usually on an unliquidated claim, clearly indicates a legislative intent that an unliquidated claim is within its purview.
 
 
 10
 This case sets forth the current Virginia law on the matter, which the district court here was bound to apply (J.A. 80--83). It is clear, therefore, that the trial court applied an incorrect standard in requiring the presence of liquidated damages before allowing prejudgment interest. Even if this were not so, however, we are satisfied that the damages in this case were liquidated; they meet Corbin's definition that:
 
 
 11
 For the purpose of collecting interest as damages, it is not necessary that the exact amount in money should have been determined by the terms of an express contract. For this purpose the debt is regarded as liquidated if the amount due can be determined by mere mathematical computation.
 
 
 12
 5. A. Corbin, Contracts § 1046 (1964) (emphasis added). The Supreme Court of Appeals of Virginia has endorsed a similar rule, defining unliquidated damages as those that
 
 
 13
 rest in opinion only, and must be ascertained by a jury, wherein the amount to be settled rests in the discretion, judgment, or opinion of a jury and there are no data for computation and the damages cannot be ascertained by any mode of calculation; but it is otherwise when the damages can be readily ascertained. . . . (I)f the damages do not lie in mere opinion, but can be readily ascertained by calculation or computation, they may be set off against a liquidated demand.
 
 
 14
 United Cigarette Machine Co. v. Brown, 119 Va. 813, 825, 89 S.E. 850, 855 (1916) (emphasis added). See also Tidewater Quarry Co. v. Scott, 105 Va. 160, 161, 52 S.E. 835, 836 (1906). Here, the damages consist of specific amounts of money paid on certain dates for counsel fees and necessary related expenses on the lawsuit, carrying charges, a loan-extension fee, a road assessment fee which Inland Steel had agreed to pay but which the final purchaser would not assume, attorney's fees on the sale of the land and a small amount of interest paid on a second trust.[4] All of these charges are either fixed or determinable by a mathematical computation, and so fall within the Virginia definition of 'liquidated damages.'
 
 
 15
 Second, the court below found that prejudgment interest was 'not necessary to make the plaintiffs whole,' citing City of Danville v. Chespeake & Ohio Ry., supra. We disagree. Denial of prejudgment interest here is particularly onerous to plaintiff because the sums of money are substantial, as are the periods of time for which interest would normally be computed. The plaintiffs below were required because of Hurwitz's suit to pay out specific sums of money for the stated necessary purposes.[5] Plaintiffs have been deprived of the use of such sums during the period of time that Hurwitz's conduct prevented sale of the land. The damage award as it stands without interest on such sums does not compensate plaintiffs for the period of time this loss of use continued, and so does not truly 'make the plaintiffs whole.' Thus in City of Danville, supra at 637, which is the case cited by the trial court here in partial support of its decision not to allow prejudgment interest, the court stated the rule that interest can be awarded to make the plaintiffs whole, and then went on to allow an award of interest, remarking:
 
 
 16
 It seems to me that the plaintiffs would not be fairly and adequately compensated if they are limited to the amount of the damage shown to have existed at such a time, with no allowance for the value or use of the amount of money which would have compensated them at that time but which they did not then receive.
 
 
 17
 That case therefore cannot be properly construed as supporting a denial of interest.
 
 
 18
 We thus find that the trial court based its decision not to allow prejudgment interest on incorrect premises. Normally, the exercise of the trial court's discretion will not be disturbed on appeal; but when that discretion is exercised in a plainly erroneous manner, it becomes arbitrary and may be reversed. National Benefit Life Insurance Co. v. Shaw-Walker Co., 71 App.D.C. 276, 286, 111 F.2d 497, 507, cert. denied, 311 U.S. 673, 61 S.Ct. 35, 85 L.Ed. 432 (1940). We therefore affirm the decision of the district court in all respects but this one, and remand the case for reconsideration of prejudgment interest. On that issue, as the statute states, the court acting as 'the jury may allow interest on the sum found by the verdict, or any part thereof, and fix the period at which the interest shall commence.'[6]
 
 
 19
 Judgment accordingly.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. § 292(d)
 
 
 [1]
 Hurwitz v. Builders Equity Corp., Chancery No. 16141, Corporation Court of Alexandria, Virginia
 
 
 [2]
 28 U.S.C. § 1332 (1970)
 
 
 [3]
 § 8--223. Verdict to fix period at which interest begins; judgment for interest.--Except as otherwise provided in § 3--122 of the Uniform Commercial Code, in any action whether on contract or for tort, the jury may allow interest on the sum found by the verdict, or any part thereof, and fix the period at which the interest shall commence. If a verdict be rendered which does not allow interest, the sum thereby found shall bear interest from its date, at the rate as provided in § 6.1--330.10, and judgment shall be entered accordingly. In any suit in equity, or in an action or motion founded on contract, when no jury is impaneled, decree or judgment may be rendered for interest on the principal sum recovered, until such decree or judgment be paid; and when there is a jury, which allows interest, the judgment shall, in like manner, be for such interest until payment
 
 
 [4]
 The court computed damages as follows:
 (J.App. 78--80, as amended by order of the trial court filed October 10, 1975)
 
 
 [5]
 Id
 
 
 [6]
 See note 2 supra